## Joseph Stirling, Admr., etc., Plff. in Err., *v.* Robert H. Hinckley, Admr., et.

One cannot allege as a reason for not performing his contract that he was drunk when he made it.

But if one whose mental condition occasioned by excessive drinking is such that he is unable to protect himself is induced to enter into a contract by means of false statements made by one cognizant of all the facts, he is not bound by the contract.

A decree of court adjudging such person an habitual drunkard, rendered about a year after the time of entering into the contract, is admissible in evidence, together with other facts, as tending to show what his condition was at the time of the contract.

(Decided April 5, 1886.)

Error to the Common Pleas of Philadelphia County to review a judgment in an action of *assumpsit*. Affirmed.

This action was brought by Robert H. Hinckley, administrator of William Marcus Patton, against Edward Wallace, since deceased, to recover the sum of $14,390 alleged to have been loaned by Patton in his lifetime to Wallace.

The defense set up was that Patton had entered into a co-partnership with Wallace, that the sum above mentioned was his contribution to the partnership funds, and that the partner-

NOTE.—A contract made with a drunkard cannot be avoided by the latter unless some unfair advantage has been taken by reason of the intoxication (Com. v. McAnany, 3 Brewst. [Pa.] 292) ; or unless the intotxication has deprived the party of his reason or understanding. Bush v. Breinig, 113 Pa. 310, 5 7Am. Rep. 469, 6 Atl. 86; Wilson v. Bigger, 7 Watts & S. 111.

ship had become insolvent, the funds having been lost in the course of trade.

Patton was shown to have been a hard drinker. It was also shown that some time subsequent to the alleged partnership arrangement he had been declared by the court to be a habitual drunkard, and a committee had been appointed for him, and it was alleged that defendant had induced plaintiff to enter into the agreement by fraud.

Plaintiff claimed that, by reason of these facts, the partnership contract was not binding upon Patton's estate.

Upon the trial, HARE, J., among other things not made the basis of assignments of error, charged the jury as follows, upon which such assignments are based:

A man cannot allege as a reason for not performing his contract that he was drunk when it was made. At the same time, if a man is from any cause of infirm mind, whether he was born with it or was brought to that condition by excessive drinking, and is, in consequence, unable to care for himself, the persons who deal with him should be careful not to draw him on by exaggerated statements as to the value of what they offer or the amount to be made out of the transaction.

It is not for me to say what Patton's condition was in the year 1868. There is the decree of the court as to his condition towards the close of the year 1869. Although not conclusive, the decree is evidence that Patton became a habitual drunkard; and it is not unreasonable to suppose that such state of things did not occur in a summer's night. If there was no other evidence, that might be a dangerous inference, but there is testimony that he had been drinking hard for some time previously.

It is for the jury to say whether Patton's mental condition at the time of entering into the agreement was such as to preclude his taking that reasonable care which a man is ordinarily presumed to be able to do; and also what they think of Wallace's reiterated allegations that he had a receipt for making new whisky old before its time, and that there was a good deal of money in it. If he really believed it, I do not know that it should prejudice the parties who claim under him even if it was fallacious.

A man who says what he has reason to believe is true is not blameworthy, although it proves to be untrue but he may justly be blamed for making vague and reckless statements to a man

who is not in condition to know what he is doing. If Wallace obtained this large sum of money from Patton by allegations that he was acquainted with a method for making poor whisky good, and that there was a good deal of money to be made out of it, it is a circumstance for the consideration of the jury.

If there was a partnership between Patton and Wallace, entered into under circumstances to render it binding on Patton, your verdict should be for the defendant because the account could not be settled in this form of action.

If, on the other hand, the relation was one of agency which Patton might revoke at pleasure, then, so far as the money has not been accounted for and was not duly employed, the verdict should be for the plaintiff.

If the agreement was made by Patton when from his mental condition he was unable to protect himself, and this was known to Wallace, and he, notwithstanding, induced Patton to enter into it by statements contrary to the truth, it would not be obligatory on Patton, nor a defense in this suit.

In finding their verdict the jury may consider the evidence that Patton drank habitually, and was not unfrequently so much intoxicated as to be unfit for the transaction of business, and also the testimony that Wallace told Patton that he had a receipt for "aging whisky," and that there was a great deal of money in it.

This testimony would not, if standing alone, justify a verdict for the plaintiff, because it would not sufficiently appear that Wallace did not believe what he said, or that it was not true; but the case presents a different aspect if Patton's faculties were impaired by the habitual use of liquor and this was known to Wallace.

Intoxication does not of itself vitiate a contract; but a man who knows that his neighbor's faculties are weakened by habitual intemperance should be careful what he says; and an untrue or exaggerated statement, made without due care and creating expectations that are not fulfilled, may be ground for equitable relief through the jury box.

The admission said to have been made by Wallace, and his alleged subsequent promise to pay, tend, if the jury believe that they took place, to show that Wallace knew that there was something in the transaction that would not stand the test of scrutiny.

The jury returned a verdict for plaintiff, and the defendant brought error.

*John K. Andre* and *Francis E. Brewster,* for plaintiff in error.—The finding of the inquisition was not retrospective. It did not relate to an antecedent period, nor reach back to the time of the transaction with Wallace. The act of assembly does not authorize a restrospective finding in a case of a habitual drunkard. See *Re* Haviland, 1 W. N. C. 345; Leckey v. Cunningham, 56 Pa. 370; Beals v. See, 10 Pa. 56, 49 Am. Dec. 573.

In this state the only effect ever given to an inquisition in lunacy is to make it prima facie evidence of incompetency, during the time covered by the finding. It is conclusive, of course, to impeach the contracts of the lunatic or habitual drunkard after the finding. Hutchinson v. Sandt, 4 Rawle, 234, 26 Am. Dec. 127; Willis v. Willis, 12 Pa. 159; *Re* Gangwere, 14 Pa. 417, 53 Am. Dec. 554; Clark v. Caldwell, 6 Watts, 139; Imhoff v. Witmer, 31 Pa. 243; Titlow v. Titlow, 54 Pa. 216, 93 Am. Dec. 691; Klohs v. Klohs, 61 Pa. 245; Rogers v. Walker, 6 Pa. 371, 47 Am. Dec. 470; McGinnis v. Com. 74 Pa. 245; Leckey v. Cunningham, 56 Pa. 370.

In Stouffer v. Latshaw, 2 Watts, 167, 27 Am. Dec. 297, Chief Justice Gibson said: "To submit a fact destitute of evidence as one that may nevertheless be found is an encouragement to err which cannot be too closely observed or unsparingly corrected."

It is error in a court to permit a jury to pass upon a matter of fact of which there is no evidence. Sypher v. Long, 4 Watts, 253; Newbaker v. Alricks, 5 Watts, 183; M'Clurg v. Willard, 5 Watts, 275; Hannay v. Stewart, 6 Watts, 487; Switland v. Holgate, 8 Watts, 385; Evans v. Mengel, 1 Pa. St. 68; Haines v. Stouffer, 10 Pa. 363; Sartwell v. Wilcox, 20 Pa. 117; Thomas v. Thomas, 21 Pa. 315; Howard Exp. Co. v. Wile, 64 Pa. 207.

If the court mislead the jury by directing their attention to a point on which there is no evidence it is error. Snyder v. Wilt, 15 Pa. 59.

Fraud must be affirmatively shown; it will not be presumed; the presumption of innocence must prevail. Pine v. Vanuxem, 3 Yeates, 30; Shoemaker v. Kunkle, 5 Watts, 107; Lutton v. Hesson, 18 Pa. 109; Bear's Estate, 60 Pa. 430; Com. v. Erie & P. R. Co. 74 Pa. 94; Morton v. Weaver, 99 Pa. 48.

If the jury had found that there was a partnership between Wallace and Patton, and the latter had furnished to that partnership the money in suit, it cannot be pretended that it could be recovered in this form of action unless an account had been stated and a balance struck in favor of Patton. Killam v. Preston, 4 Watts & S. 14, and cases cited by KENNEDY, J., p. 16; Andrews v. Allen, 9 Serg. & R. 243; M'Fadden v. Hunt, 5 Watts & S. 468; Knerr v. Hoffman, 65 Pa. 128.

*George Junkin,* for defendant in error.—When an inquisition has found a man an habitual drunkard, in accordance with the statute, this is a judicial decree of the fact, and that he is incapable of himself managing his estate or making contracts. It is notice to all the world. Sill v. M'Knight, 7 Watts & S. 244; Ludwick v. Com. 18 Pa. 172; McGinnis v. Com. 74 Pa. 247, and cases there cited; Klohs v. Klohs, 61 Pa. 245, and cases cited on p. 247.

PER CURIAM:
An examination of the whole record in this case fails to discover any sufficient cause for disturbing the judgment; therefore,
Judgment affirmed.