STAR UNION LUMBER COMPANY, APPELLANT, v. A. M. FINNEY ET AL., APPLELLEES, IMPLEADED WITH D. C. BRYANT, APPELLANT.

[FILED SEPTEMBER 21, 1892.]

1. **Mechanic's Lien:** PROCEDURE TO ENFORCE: APPEAL. An action was instituted to foreclose a mechanic's lien and have certain policies of insurance taken in the name of the land-owner assigned to the plaintiff. *Held*, That the action being instituted

as one in equity, the procedure in equity in regard to appeals to the supreme court applies, even if some of the proceedings were in the nature of an action at law.

2. The testimony and conduct of the parties clearly established the making and delivery of the policies of insurance.

3. Fire Insurance: INSURABLE INTEREST: PROOF OF LOSS. An adjuster filled out the proof of loss and stated therein that the insured was the owner in fee-simple, when in fact he claimed under a contract. This he handed to the insured and requested him to go before a notary public and make oath to the same. The proof was not read to the insured, and he testified that he did not read the same but supposed that it had been filled out properly. *Held*, That the evidence showed the insured had an insurable interest in the property, and that the proof of loss would have been equally available had the insured stated the actual facts as to his ownership, and that the company was not prejudiced by the misstatement.

4. Assignment of Claim. After a loss has occurred the insured may assign the right to recover for same without the consent of the insurance company, and the assignee may recover in his own name.

5. Condition in Policy Waived. The provision in a policy of insurance, that the company shall have sixty days in which to pay the loss, is personal, and may be waived by it. It is merely a provision that during the time stated it shall not be liable for costs.

APPEAL from the district court for Douglas county. Heard below before WAKELEY, J.

*Irvine & Clapp,* for Star Union Lumber Company, appellant:

Refusal of insurance companies to pay, and their denial of liability on the policies, estop them from claiming benefit of provision in policy allowing sixty days for payment of loss. (*Allegre v. Md. Ins. Co.,* 6 H. & J. [Md.], 337; *Hoffecker Bros. v. Ins. Co.,* 5 Houst. [Del.], 101; *Williamsburg Ins. Co. v. Cary,* 83 Ill., 453; *State Ins. Co. v. Maackens,* 38 N. J. L., 564.) Contract of insurance is complete on acceptance of risk by company and before

issuing policy. (*Home Ins. Co. v. Curtis*, 32 Mich., 402;
*Lungstrass v. German Fire Ins. Co.*, 48 Mo., 201; *Krumm.
v. Jefferson Ins. Co.*, 40 O. St., 225; *Neb. & Ia. Ins. Co.
v. Seivers*, 27 Neb., 541; *Baldwin v. Choteau Ins. Co.*,
56 Mo., 151.)    Where insured has insurable interest cov-
enants and warranties as to title appearing in policy can-
not be set up by insurer to defeat policy when no repre-
sentation as to title was previously made. (*Commonwealth.
v. Hide & Leather Ins. Co.*, 112 Mass., 136; *Castner v.
Farmers' Mut. Ins. Co.*, 46 Mich., 15; *Hoffecker v. Ins.
Co.*, 5 Houst. [Del.], 101; *Tiefenthal v. Citizens Mut. Co.*,
53 Mich., 306; *Western Assurance Co. v. Mason*, 5 Bradw.
[Ill.], 141; *Phila. Tool Co. v. Assurance Co.*, 132 Pa. St.,
236; *American Basket Co. v. Farmville Ins. Co.*, 3 Hughes.
[U. S.], 251; *Stache v. St. Paul F. & M. Ins. Co.*, 49
Wis., 89.)    A misstatement as to title in proof of loss is.
not material unless made fraudulently. (*Lamb v. Council
Bluffs Ins. Co.*, 70 Ia., 238; *Helbing v. Svea Ins. Co.*, 54
Cal., 156; *Little v. Phœnix Ins. Co.*, 123 Mass., 380.)

*Fawcett & Sturdevant*, for D. C. Bryant, appellant.

*A. S. Churchill*, for appellees.

MAXWELL, CH. J.

This action was brought in the district court of Douglas
county to foreclose a mechanic's lien on lots 1 and 2, block
34, of Albright's Choice, an addition to South Omaha.
The amount claimed to be due and unpaid is the sum of
$1,192.50.

It is alleged in the petition, in substance, that William
G. Albright was seized in fee of the lots above described;
that early in the year 1888 he sold the same and gave a
contract of purchase, which after various assignments was
transferred to A. M. Finney; that in April, 1888, the de-
fendant Coy, being a contractor and builder, entered into a

contract with the defendant Finney to construct eleven houses, according to certain plans and specifications, for the agreed price of $585 for each house; that Coy thereupon purchased from the plaintiff large quantities of lumber and other material for the erection of said houses, which lumber and material was of the value of $1,192.50, and was used by said contractor in the erection of five of said houses; that within sixty days, to-wit, on June 28, 1888, the plaintiff filed the necessary statement in the office of register of deeds of said county to obtain a mechanic's lien upon said property for the amount so due; that during the construction of said houses Finney agreed with the defendant Coy that he would insure said houses and keep the same insured for the benefit of Coy and the plaintiff, and in pursuance of said agreement he did insure each of said houses in the sum of $500 against loss or damage by fire; that three of said houses were insured in the New Hampshire Insurance Company and two of said houses by the Dwelling House Insurance Company.   The numbers of the several policies are set out in the petition.

It is also alleged that while the insurance was taken for the benefit of Coy and the plaintiff, that the defendant Finney wrongfully and fraudulently caused said policies to be written in his own favor; that on the 26th of May, 1888, four of said houses were destroyed by fire; that due notice of said loss was given to said companies, and there is now due from the Dwelling House Insurance Company the sum of $53.62 and from the New Hampshire Insurance Company the sum of $1,059.63; that since said losses occurred the defendant Finney has agreed to assign said policy to the plaintiff to apply on said debt, but has refused to make said assignment in writing.

Albright answered the petition, setting out the amount due on the contract, and alleging a willingness to convey upon receiving the amount due.

In November, 1888, a supplemental petition was filed

by the plaintiff, wherein it is alleged that on the 2d day of July, 1888, Finney duly transferred all his interest in said policies to the plaintiff. A few days thereafter D. C. Bryant, who had been permitted to intervene, filed an answer, wherein he claims that on the 6th day of June, 1888, A. M. Finney assigned to him a policy of insurance upon one of said houses to secure the sum of $353.20, and upon which he prays judgment.

The Dwelling House Insurance Company, in its amended answer to the petition and supplemental petition, alleges "that Finney was not the owner of said lots in fee-simple, and that it was not aware of the fact until the bringing of this action; that each of said policies contain, among other conditions, agreement, and warranties, the following, to-wit: 'If the interest of the assured in said property, or any part thereof, now is or shall become any other or less than a perfect, legal, and equitable title and ownership free from all liens whatever, except as stated in writing hereon, or if the buildings, or either of them, stand on leased ground or land of which the assured has not a perfect title, or if this policy shall be assigned without written consent hereon, then, and in every such case, this policy shall be absolutely void.' That the houses did not stand upon ground or land of which the said A. M. Finney had a perfect title, either at the time of the issuance of the policy or at the time of loss, nor was there any written statement upon either of said policies that the interest of the assured was other or less than a perfect, legal, and equitable title and ownership free from all liens whatever; that said property was not then, is not now, nor has it been free of all liens since the date of said policies; that the liens and incumbrances exceeded the whole value of the property, and this defendant under said policy is not liable by reason thereof.

"This defendant further says the policies were never delivered, nor was the premium ever paid, nor was any time

given in which to pay the premium, nor was any note given therefor; that the policies were purloined from the office of the agent of this company without his knowledge or consent; that said policies would not have been delivered if applied for until the premium was first paid; that the said A. M. Finney in his proofs of loss stated under oath ' that he was the owner in fee-simple of said lots.' "

Then follows a provision of the policy that the insured shall forthwith give a written notice of the loss, etc., and " that any misrepresentation in the proofs or examination as to the loss or damage shall forfeit all claims under this policy," and that " no act or omission of the company, or any act of its officers or agents, shall be deemed, construed, or held to be a waiver of a full and strict compliance with the foregoing provisions of the terms and conditions of this policy, nor is extension of time to the assured for compliance, except it be a waiver or extension in express terms and in writing signed by the president or secretary of the company." There is also a denial that there has been any adjustment of the loss or any waiver of the conditions of the policy.

The substituted answer of the New Hampshire Fire Insurance Company is substantially the same as the above, but the facts are set out more in detail.

The plaintiff and Bryant each filed a reply to these answers which need not be noticed.

On the trial of the cause a decree was rendered in favor of Albright and against Finney for the sum of $680.72, which was declared a first lien upon the said premises; that there is due from the defendant Coy to the plaintiff the sum of $1,359.45, for material furnished by the plaintiff to said Coy for the erection of dwelling houses upon said premises as alleged in the petition. The court also finds that the necessary steps were taken by the plaintiff to obtain a mechanic's lien and that the same is a valid lien for the amount above specified, subject only to the lien of Al-

bright; as between the plaintiff and the insurance companies and Bryant and the insurance company the court found for the companies and dismissed the action. The case is brought into this court by appeal.

The contest in this case is wholly between the insurance companies and the plaintiff and Bryant.

The first objection made on behalf of the insurance companies is that the action is one at law, and, therefore, cannot be brought into this court by appeal.

It is a sufficient answer to this objection to say that the action was instituted as one in equity; that the relief sought was equitable in its nature and it was tried as an action in equity. This objection, therefore, would be of no avail, even if the final recovery had been of a purely legal nature. There is nothing, therefore, in the first objection.

Second—The testimony tends to show that A. M. Finney had a contract of purchase for the lots in question; that a portion of the purchase money had been paid for the same; that about April 10, 1888, Finney entered into a contract with Coy to erect five houses on the lots at the agreed price of $585 each; that Coy thereupon proceeded to erect the buildings and procured a large part of the material therefor from the plaintiff; that about the time the buildings were completed, Finney insured the same for the sum of $500 each, in the companies named, three of the risks being taken by the New Hampshire Company and two by the Dwelling House Company. The testimony also tends to show that the same agent represented both of the defendant companies, that this agent employed as solicitor E. E. Finney, a brother of A. M. Finney, and that the applications in this case were made by such solicitor. The policies were filled out, and it is claimed on behalf of the companies that they were not delivered. This claim, however, is clearly disproved by the conduct of the parties. It appears that the agent, after the loss, paid the amount of the premiums himself and was credited with the amount on the

books of the company. This he says was a month or two after the loss occurred. The exact date, however, is not material, neither is the state of the account between E. E. Finney and the agent anywhere set out. The premiums were paid, and if the money was advanced by the agent, it is an admission that the policies were lawfully issued. A few weeks after the loss occurred the adjuster of the New Hampshire Company, together with the agent at Omaha and A. M. Finney, visited the place where the fire occurred, and the adjuster of the New Hampshire Company made the following:

"Estimated cost of rebuilding, by H. B. Jeffers,
    contractor............................................. $325 00
"Damage to foundation............................... 28 21
                                                        _____
                                                        $353 21

                    "OMAHA, June 15, 1888.
    "Assured's contractor had put $431.81 into this house, but we found we could construct it for less money.
                            "FRED W. LEE, Adj.

    "Agency, Omaha, Neb. Assured, A. M. Finney. Date of fire, May 19, 1888. Proof made June 15, 1888. Policy No. 306426. Amount of policy, $650. Amount awarded, $353.21. Adjusted by Fred W. Lee."

"Estimated cost of rebuilding, by H. B. Jeffers,
    contractor............................................. $325 00
"Damage to foundation............................... 28 21
                                                        _____
                                                        $353 21

                    "OMAHA, June 15, 1888.
    "Assured's contractor had put $413.81 into the house, but we found we could construct it for less money.
                            "FRED W. LEE, Adj.

    "Agency, Omaha, Neb. Assured, A. M. Finney. Date of fire, May 19, 1888. Proof made June 15, 1888.

Policy No. 306425.   Amount of policy, $650.   Amount awarded, $353.21.   Adjusted by Fred W. Lee."

"Estimated cost of rebuilding, by H. B. Jeffers, contractor............................................... $325 00

"Damage to foundation.............................., 28 21

                                                  $353 21

                          " Omaha, June 15, 1888.

"Assured's contractor had put $431.81 into this house, but we found we could construct it for less money.

                          " Fred W. Lee, *Adj.*

"Agency, Omaha, Neb.   Assured, A. M. Finney.   Date of fire, May 19, 1888.   Proof made June 15, 1888. Policy No. 306427.   Amount of policy, $650.   Amount awarded, $353.21.   Adjusted by Fred W. Lee."

The proof of loss was filled out by Mr. Lee, who, in describing the title of A. M. Finney, said:

" The property insured belonged exclusively to A. M. Finney, and no other person or persons had any interest therein.

"If the loss is on building, state whether real estate is owned in fee-simple or held on lease.   Fee-simple.

"State the nature and amount of incumbrance at time of the fire.   One hundred and twenty-five dollars, propor_ tionate share of purchase money on lots."

Mr. Finney testifies that Lee told him to take the proof of loss and go before a notary public and make oath to it; that he saw the amount of loss claimed was right and he did not read the instrument.

A great deal of stress is laid by the companies upon the character of title which Finney in his proof of loss stated that he possessed, viz., a fee-simple.

It is difficult to perceive the force of the objection. Finney had an insurable interest in the property, and, so far as appears, the right of payment would have been the same had he claimed under the contract instead of an absolute

title.   The companies have failed to point out in what manner they have been prejudiced by this misstatement, which to some extent was the fault of their own adjuster.

It is claimed that a policy could not be assigned without the assent of the company.   However this may be as to a policy before a loss occurs, the objection does not apply as to the assignment of a claim for a loss after it occurs. It is also claimed that the action is premature, having been brought before the expiration of sixty days after the loss occurred.   This is a provision in favor of the company that may be waived, and will be unless insisted upon, and in no case could extend beyond taxing the costs to plaintiff; in other words, the company has sixty days in which to pay the loss, and it cannot be subjected to costs of an action during that time.

Upon the whole case it is apparent that the equities of the case are with the plaintiff and Bryant, and that the court erred in dismissing the action as to the insurance companies.   The judgment of the district court is therefore reversed and judgment will be entered in this court in favor of the plaintiff and D. C. Bryant upon the coming in of the report of the referee, to be hereafter appointed. The cause is referred to ——————— to ascertain the amount due on the policies, and the amount due to the plaintiff and D. C. Bryant respectively, and report the same with all convenient speed to this court.

JUDGMENT ACCORDINGLY.

THE other judges concur.