CARRIE D. P. WHITTEN *vs.* NEW ENGLAND LIVE STOCK
INSURANCE COMPANY.

Suffolk. January 10, 1896. — February 28, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Action on Policy on Life of Horse not brought prematurely — Law and Fact —*
*Waiver of Production of Proofs.*

Where a policy of insurance upon the life of a horse provides that, upon receiving satisfactory proofs of the death of the animal, the insurer will pay a certain sum

"in sixty days after the approval of the claim by its Executive Board," it cannot be ruled, as matter of law, that an action brought in less than sixty days after the death of the horse was brought prematurely, if there was evidence tending to show a waiver of the production of proofs of death, and a general denial of liability by the defendant's general manager on other grounds.

CONTRACT, upon a policy of insurance for $200, issued by the defendant upon the life of a horse. Trial in the Superior Court, before *Dunbar*, J., who, after a verdict for the plaintiff, directed that the plaintiff be nonsuited because the action was prematurely begun, and, with the consent of the parties, reported the case for the determination of this court. If the ruling was correct, the nonsuit was to stand; otherwise, judgment was to be entered on the verdict.

*M. P. Beckett*, for the defendant.

*E. Lowe*, for the plaintiff.

ALLEN, J. The action was brought in less than sixty days after the death of the horse. The only question before us is, whether it could be ruled, as matter of law, that it was brought prematurely. If not, according to the report, the plaintiff is to have judgment. By the policy, the defendant agreed, upon receiving satisfactory proofs of the death of the said animal, to pay $200 " in sixty days after the approval of the claim by its Executive Board." The plaintiff introduced evidence tending to show a waiver of the production of proofs of death, and a general denial of liability by the defendant's general manager on other grounds. We must assume that the jury might have found both of these facts to be proved.

The parties could not have intended by the form of policy to give the defendant the power to avoid payment altogether by refusing to have its Executive Board act. *Page* v. *Cook*, 164 Mass. 116. *Braunstein* v. *Accidental Death Ins. Co.* 1 B. & S. 782. Some other construction must therefore be given to the words used. It is apparent that the postponement of payment for sixty days is allowed solely for the benefit of the defendant, and it is reasonable to limit the clause to cases where the claim is approved by the Executive Board. The time of payment is separable from the promise to pay. If the Executive Board disallows a claim, or refuses to act at all, a claim under a policy is not thereby defeated.

Moreover, if a promise is made to pay money when something

else happens, and the promisor interposes to prevent that thing from happening, he cannot avail himself of the stipulation. *Beharrell* v. *Quimby*, 162 Mass. 571, and cases cited. The practical effect is to strike out that condition or clause from the contract. The sixty-day clause being thus struck out from this policy, the defendant was bound to pay upon receiving satisfactory proofs of death ; and the production of such proofs was waived. Therefore there was a present obligation to pay, and a right of action accrued at once.

The defendant chiefly relies on *Daniels* v. *Newton*, 114 Mass. 530. In that case there was a mutual executory contract to be performed by both parties at a future day fixed. It was held that a declaration by one party before the day that he would not perform when the time came did not give to the other an immediate right of action. The present case is to be distinguished from that, both by the nature of the contract and by the act of the defendant in preventing its Executive Board from passing upon the plaintiff's claim.

It has been held in very many cases that a waiver of proofs of loss and an absolute denial of liability under any circumstances will entitle the assured to sue at once, notwithstanding a clause in the policy postponing his right of action for a limited time after furnishing proofs of loss. Many of these are cited by the plaintiff; to which may be added *Traveler's Ins. Co.* v. *Harvey*, 82 Va. 949 ; *Williamsburg City Ins. Co.* v. *Cary*, 83 Ill. 453 ; *California Ins. Co.* v. *Gracey*, 15 Col. 70 ; *Citizens' Ins. Co.* v. *Boisvert*, 11 Quebec L. R. 377.* No case the other way has been cited, or come to our notice.

According to the terms of the report, there must be

*Judgment for the plaintiff.*

---

* The plaintiff cited in his brief *Ætna Ins. Co.* v. *Maguire*, 51 Ill. 342, 352 ; *German Ins. Co.* v. *Gibson*, 53 Ark. 494 ; *Norwich & New York Transportation Co.* v. *Western Massachusetts Ins. Co.* 34 Conn. 561, 570 ; *Insurance Co.* v. *Norment*, 91 Tenn. 1 ; *Star Union Lumber Co.* v. *Finney*, 35 Neb. 214 ; *United Firemen's Ins. Co.* v. *Kukral*, 7 Ohio C. C. 356 ; *Allegre* v. *Maryland Ins. Co.* 6 Har. & J. 408 ; *Hoffecker* v. *New Castle County Ins. Co.* 5 Houst. (Del.) 101 ; *Phillips* v. *Protection Ins. Co.* 14 Mo. 220, 237 ; *Cobb* v. *Insurance Co. of North America*, 11 Kans. 93.