ADOLPH F. CARLSON, administrator, *vs.* METROPOLITAN
LIFE INSURANCE COMPANY.

Hampden.    September 27, 1898. — October 21, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, BARKER, & HAMMOND, JJ.

*Policy of Life Insurance — Waiver — Authority of Agent — Ratification
— Estoppel.*

The willingness, expressed by a life insurance company in a letter written by its
secretary, to consider whether upon investigation it would waive any right to a
requirement of a policy that "no suit shall be brought" under it "after six
months from the date of death of the insured," falls far short of a waiver; and
this applies to the subsequent investigation.

There is no waiver of a requirement of a policy of life insurance that "no suit
shall be brought" under it "after six months from the date of death of the in-
sured" by an agent who, by the express terms of the contract, has not the
power to vary its terms or to waive forfeitures, there being no evidence that
he had been held out by the company as possessing such authority, or that the
company had so ratified similar acts, or had so conducted itself in regard to his
other transactions, that the insured was justified in believing that he had such
authority.

In an action on a policy of life insurance the contention of the administrator of
the insured that, relying upon the statement of an agent of the company that
the claim had been paid, he was induced to postpone his action until after the
expiration of the period during which only the contract provided that action
could be brought, and that therefore the company was estopped from setting
up this defence, cannot avail, if it does not appear that the agent was author-
ized by the company to make such statement, that the company ever ratified
it or even knew that it had been made, and if it was not made within the scope
of his authority real or apparent.

CONTRACT on a policy of insurance on the life of Sophia W.
Carlson for the benefit of her husband, Carl Axel Carlson. The
writ was dated August 11, 1896, and the insured died at Stock-
holm, in Sweden, October 2, 1894. Trial in the Superior Court,
before *Blodgett*, J., who, at the close of the testimony for the
plaintiff, ruled, at the request of the defendant, that the pro-
vision in the policy requiring the action to be brought within six
months from the death of the insured was a bar to the action,
and directed the jury to return a verdict for the defendant; and
the plaintiff alleged exceptions, which appear in the opinion.

*T. B. O'Donnell,* (*R. A. Allyn* with him,) for the plaintiff.
*E. H. Lathrop,* for the defendant.

HAMMOND, J.    The seventh condition of this contract, so far as material, is as follows: "No suit shall be brought against this company under this policy . . . after six months from the date of death of the insured.    If any such suit be commenced after said six months, the lapse of time shall be taken to be conclusive evidence against any claim, the provisions of any and all statutes of limitation to the contrary notwithstanding."    Since the suit was not brought within the time therein named, this condition furnishes a complete defence, unless by waiver or in some other way the defendant has lost the right to stand upon it; and the burden is on the plaintiff to show that the right has been thus lost.

The first contention of the plaintiff is that this provision has been waived.    In support of this he relies upon the letter of May 27, 1895, from the defendant's secretary to one Dr. Maryott, the subsequent action of the defendant in investigating the case, and the conduct and statements of one McLaughlin.    Neither the letter nor the investigation therein foreshadowed can be regarded as evidence of waiver.    The letter states that the defendant has not been "able to look at it as you do"; that it sees "no reason for changing our view"; and closes by saying, "This is given to you without prejudice to our interests in any way."

The intention to stand upon all its rights is plainly stated, and the most favorable view for the plaintiff is that the defendant was willing to consider whether upon further investigation it would waive any right; but such a willingness falls far short of an actual waiver.

The same reasons apply to the subsequent investigation.    It must be considered on the evidence as undertaken and conducted under the terms stated in the letter, — "without prejudice to [defendant's] interests in any way."

Nor is there any sufficient evidence of waiver to be found in the conduct and statements of McLaughlin.

The fifth condition of the contract is as follows: "The contract between the parties hereto is completely set forth in this policy, and the application therefor taken together, and none of its terms can be varied or modified, nor any forfeiture waived, except by an agreement in writing signed by one of the following officers, namely, the President, Vice-President, Secretary, Assist-

ant Secretary, and Actuary, whose authority for this purpose will not be delegated; no other person has or will be given authority. Therefore agents (which term includes superintendents and assistant superintendents) are not authorized and have no power to make, alter, or discharge contracts, or waive forfeitures," etc. McLaughlin was not one of the officers to whom by this provision the power was given to vary or modify the contract or to waive forfeitures. There was evidence tending to show that he " was supervising agent of the office of the defendant corporation in Hampden County, and had special charge of the Springfield office of the company, and that he was superintendent of the Springfield office." The contract provides that such a superintendent shall not have the power to waive.

By the express terms of the contract, McLaughlin, being a superintendent, had not the power to vary the terms of the contract or to waive forfeitures. There is no evidence that he had been held out by the defendant as possessing such authority, or that the company had so ratified similar acts, or had so conducted itself in regard to his other transactions, that the insured was justified in believing that he had such authority. *Kyte* v. *Commercial Union Assurance Co.* 144 Mass. 43, 46.

" The failure to perform a condition of a contract the performance of which is essential to the continuance of the contract cannot be waived by an agent when the contract itself declares that he shall not have power to waive it, or that only certain officers which do not include him shall have such power, unless after the contract was made, authority had been given to the agent to waive the condition, or the company has knowingly permitted him to waive such condition." *Porter* v. *United States Ins. Co.* 160 Mass. 183, and cases therein cited.

The plaintiff, however, contends that, even if there has not been any waiver, still he and Maryott were told by McLaughlin that the claim had been paid, that at that time McLaughlin was an agent of the company, and that, relying upon the statements so made, he was induced to postpone his suit until after the six months; and he says that the defendant is thereby estopped from setting up this defence.*

---

* The plaintiff testified that McLaughlin told him on or about February 1, 1895, and in the last of March or on April 1, 1895, that the claim had

In support of this contention he relies upon *Jennings* v. *Metropolitan Ins. Co.* 148 Mass. 61. That case, however, is distinguishable from the one at the bar in many material respects, both as to the form of the contract and the power of the agent, and it is unnecessary to set them out in detail.

It does not appear that McLaughlin was authorized by the defendant to make any such statements, that the defendant ever ratified any such statements, or even knew that any of them had been made; nor were they made within the scope of his authority, real or apparent.                    *Exceptions overruled.*

---

been paid, and that it was for this reason that he had not been appointed administrator earlier. The testimony of Maryott as to McLaughlin's statement was to the same effect.