NATHAN LEWIS, administrator, *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

Suffolk.   December 4, 5, 1901. — January 3, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Limitations, Statute of.   Insurance, Life.   Estoppel,* By conduct.

Pub. Sts. c. 197, § 13, providing, that when an action brought within the period of limitation has been defeated in certain ways the plaintiff may bring a new action for the same cause within one year after the abatement or other determination of the original suit, has no application to a limitation created by contract, as by a provision in a life insurance policy that no action shall be brought thereon after six months from the death of the insured.

In an action on a life insurance policy, it appeared, that, when the proofs of death were furnished, the policy was delivered to the defendant and remained in its possession until the case was tried, no one having asked for its return. The defendant denied its liability on the policy about four weeks after the accident and always thereafter. *Held,* that there was nothing in these facts to estop the defendant from relying on a provision in the policy that an action thereon must be brought within six months after the death of the assured.

CONTRACT on a policy of insurance on the life of one Esther Lewis. Writ dated January 20, 1900.

At the trial in the Superior Court, *Sheldon,* J. directed a verdict for the defendant; and the plaintiff alleged exceptions.

*E. H. Savary,* for the plaintiff.

*G. W. Cox,* for the defendant.

KNOWLTON, J. The insurance policy in this case, on which the action is brought, contains the following provision : " No suit shall be brought or action commenced after six months from the date of the death of the insured, it being understood and agreed that if any suit or action be commenced after said six months the lapse of time shall be taken to be conclusive evidence against any claim, the provisions of any and all statutes of limitations to the contrary being hereby waived." The insured died March 3, 1899. The writ was dated January 20, 1900. It is well settled that a provision of this kind in a policy is valid, and binding on the insured. *Amesbury* v. *Bowditch Mutual Ins. Co.* 6 Gray, 596, and cases there cited. *Fullam* v. *New York Union Ins. Co.* 7 Gray, 61. *Jennings* v. *Metropolitan Ins. Co.* 148 Mass. 61. *Carlson* v. *Metropolitan Ins. Co.* 172 Mass. 142.

It appears that the policy was issued in November, 1898 ; that the insured died on March 3, 1899 ; that due notice and proofs of death were sent to the defendant ; that about four weeks after the death of the insured the company refused to pay the claim, and that a suit was brought on the policy in the name of a supposed beneficiary on April 11, 1899, in which there was a judgment for the defendant. The plaintiff, in connection with the proceedings in that suit, invokes the Pub. Sts. c. 197, § 13, which, notwithstanding the general statute of limitations, allows a new action to be brought at any time within one year " If, in an action duly commenced within the time limited and allowed in this or the preceding chapter " the writ fails of a sufficient service or return by an unavoidable accident, or by neglect of the officer,

or if the writ is abated, or the action otherwise avoided or defeated by the death of a party thereto, or for any matter of form, or if, after a verdict for the plaintiff, the judgment is arrested, or if a judgment for the plaintiff is reversed on a writ of error. But this statute does not apply to the present case because the limitation here is by contract, while the extension of time given by the above statute is only in cases where the plaintiff would be cut off from his right to sue by the general statute of limitations contained in the chapters referred to.

The only other question is whether there is anything in the case that estops the defendant from claiming its rights under the contract. The defendant's argument on this branch of the case has but a single fact to rest upon. When the proofs of death were furnished, the policy was given back to the defendant, and remained in its possession until the trial of the first case, no one having asked for the return of it. There is evidence that the defendant asked for it when the proofs of death were furnished. The defendant denied its liability under the policy about four weeks after the death of the insured, and has ever since refused to pay. So far as appears, it has done nothing that should preclude it from relying on the rights given it by the policy. It is not shown that it did anything which was intended to deceive, or that did in fact deceive the plaintiff or the original claimant under the policy. The defence of estoppel is not maintained.

*Exceptions overruled.*