MARY G. THOMSON *vs.* AMERICAN FIDELITY COMPANY.

Suffolk.   June 10, 1913. — September 11, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Agency,* Scope of authority.  *Insurance,* Authority of agent.  *Waiver.*

Evidence, tending to show that a certain person was licensed by the insurance commissioner as the agent in this Commonwealth of an insurance company incorporated in another State, that he was the manager for eastern Massachusetts for that company and that, as to claims under policies of the company, he had no authority to pay a claim but had authority only to report to the home office of the company and receive instructions from there, will not warrant a finding that such agent had authority, without instructions from the home office, to waive a provision of a policy providing that no legal proceedings should be commenced under the policy until after three months from the filing of a proof of loss, especially where the policy also provided that no waiver should affect the conditions of the policy unless the company's assent thereto was indorsed on the policy and was signed by one of several specified officers other than such agent.

CONTRACT upon a policy of accident insurance.   Writ dated January 16, 1909.

In the Superior Court the case was tried before *Wait,* J.   The material facts are stated in the opinion.   At the close of the evidence, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*D. H. Coakley & R. H. Sherman,* for the plaintiff.

*W. B. Sprout & F. B. Kendall,* for the defendant.

DE COURCY, J.   The insured, Thomas J. Thomson, died on the fourth day of November, 1908, and this action on the policy of accident insurance issued to him was brought by the beneficiary on the sixteenth day of January, 1909.   There was evidence that notice of the accident on one of the blanks furnished by the agent John Paulding Meade, was served on Meade on the eighteenth day of December, 1908.

Provision Five of the General Agreement of the policy is as follows: "No legal proceedings shall be commenced until after three months from the filing of the proof of loss at the Home Office of the company, nor after two years from the date of death, loss

of limb or sight, or termination of disability." This clause furnishes a complete defense to the present action unless the defendant has lost the right to rely thereon by reason of a waiver on its part. *Bryant* v. *Commonwealth Ins. Co.* 6 Pick. 130, 131. *Carlson* v. *Metropolitan Life Ins. Co.* 172 Mass. 142. *Lewis* v. *Metropolitan Life Ins. Co.* 180 Mass. 317.

The plaintiff contends that there was evidence from which the jury could find that the agent Meade denied liability on the part of the company and thereby waived the provision in question. *Little* v. *Phœnix Ins. Co.* 123 Mass. 380. *Whitten* v. *New England Live Stock Ins. Co.* 165 Mass. 343. The difficulty is that on the evidence in the case Meade had no authority to waive the provisions of the policy. The only evidence as to his authority was the certificate of the insurance commissioner that Meade "was licensed as an agent of the American Fidelity Company of Montpelier, Vermont," and the testimony of Meade when called by the plaintiff. So far as material to this issue his testimony in substance was that he was the eastern agent or manager for eastern Massachusetts for the defendant company; that he had no authority on behalf of the company, in a case of this kind, except to report to the home office and get instructions from them; and that he had nothing to do about payment of a death claim. Furthermore it is provided in the eighth paragraph that "no modification or waiver shall affect or change the terms or conditions of this policy unless the consent of the company to such . . . modification or waiver is indorsed hereon and signed by the president, one of the vice-presidents or one of the secretaries of the company."

As there was no evidence that Meade was authorized or held out as having authority to waive the provision in the policy referred to, and there has been no ratification by the company of any waiver by him, the action was brought prematurely. This renders it unnecessary to consider the other defenses relied on.

*Exceptions overruled.*