ISADORE KULBERG v. SUPREME COUNCIL OF THE
FRATERNAL AID UNION.[1]

December 22, 1916.

Nos. 19,882—(20).

**Contract — provision limiting time for bringing action.**

1. Stipulations in a contract limiting the time within which an action
may be brought thereon are valid when not unreasonable, though the
time therein fixed may vary from that fixed by the statute of lim-
itations.

**Same — when such provision is valid.**

2. When the stipulated limitation is not unreasonable and the event
which sets it in motion is definite, certain and bound to occur, and
neither party has the power indefinitely or unreasonably to postpone
or suspend the right to sue pending the happening of some other event
subsequent to that stipulated as the one which sets such limitation in
motion, the stipulation in the contract is valid and binding.

Action in the district court for Ramsey county to recover $1,000 upon
defendant's benefit certificate insuring the life of Osias Kulberg. From
an order, Dickson, J., sustaining a demurrer to the amended complaint,
plaintiff appealed. Affirmed.

*A. J. Hertz* and *James E. Markham,* for appellant.
*William G. White,* for respondent.

SCHALLER, J.

Action to recover the amount of a benefit certificate. Defendant de-
murred to the complaint on the ground that the action was brought after
the time limited in the contract. The demurrer was sustained. Plaintiff
appeals.

On February 24, 1909, Osias Kulberg became a member of the Modern
National Reserve, a beneficiary association which issued to him a certifi-

[1]Reported in 160 N. W. 685.

cate in the sum of $1,000, payable, in case of death, to his son and beneficiary, Isadore Kulberg.

Thereafter such transactions were had between the Modern National Reserve and its successors in interest that at the date of Osias Kulberg's death this defendant had assumed all of the obligations, engagements and liabilities of the Modern National Reserve, including the contract with Osias Kulberg.

During his lifetime, defendant refused to receive Kulberg into its membership, denied him his rights and privileges as such member, and repudiated the contract made with him by the Modern National Reserve, although by its own contract defendant had taken over as its own all the members of the Modern National Reserve.

Osias Kulberg died May 27, 1912, and defendant was notified of his demise, and was requested to take such steps as were necessary to comply with its laws relative to proofs of death and payment of death benefits. But defendant took no action whatsoever and neglected and refused, and still refuses, to pay the amount of the policy.

The beneficiary certificate, which is attached to and made a part of the complaint, contains the following provision:

"It is expressly understood and agreed that no action shall be maintained on this certificate unless brought within twelve (12) months from the date of the death of said member."

The laws of the defendant here applicable are set up in the complaint as follows:

"If a member is removed by death, meets with accident, or becomes disabled, the local secretary shall notify the supreme secretary at once. The supreme secretary will then forward blanks to be filled out by proper persons and sworn to by the local secretary and president of the local council, and seal of council affixed thereto. Said blanks shall be forwarded to the supreme secretary, who shall make file thereof, and forward to supreme medical examiner. When approved by the supreme medical examiner, it shall be submitted to the supreme board of directors for their action at their next meeting. If approved by the supreme board of directors they shall order payment thereof. The supreme secretary, upon surrender of the benefit certificate, shall draw an order attested by the supreme presi-

dent, payable to the beneficiary or beneficiaries found legally entitled thereto, for the amount due."

All of the foregoing facts fairly appear from the complaint. Other facts therein appearing are not adverted to or commented on. No reference was made on the argument or in the briefs to any other provision of the contract, or any other matter appearing in the record.

The only question presented is whether or not the action is barred by the limitation contained in the contract.

1. "Contract stipulations, limiting the time within which an action may be brought thereon, are valid, when not unreasonable, though the time fixed thereby be at variance with the statutory limitations." Stewart v. National Council of K. & L. of S. 125 Minn. 512, 514, 147 N. W. 651.

2. We cannot assume that the stipulation limiting the time within which the action may be brought to one year from the date of the death is unreasonable. Respondent contends that having repudiated the contract during the lifetime of the assured and thereby having waived proof of loss, the appellant's right to sue accrued immediately on the death of Osias Kulberg. But respondent cannot be permitted to make such claim. Appellant could properly do so. Marcus v. National Council of K. & L. of S. 127 Minn. 196, 201, 149 N. W. 197. Respondent may not profit by its own wrongful conduct. Its rights are fixed by the contract. It can acquire no greater rights by wilfully repudiating its obligations.

When the limitation applies only on the existence of certain conditions, such conditions must exist or the limitation will not bar an action. Where the commencement of the contract limitation depends on the happening of an event which never occurs, the contract limitation never begins to run. Dechter v. National Council of K. & L. of S. 130 Minn. 329, 335, 153 N. W. 742; Stewart v. National Council of K. & L. of S. supra.

But in the instant case the death of the assured is the event fixed by the contract to mark the date when the statute begins to run. That event is certain to happen, and the date thereof may be ascertained when it has happened. The contract does not reserve to the respondent any right unreasonably or indefinitely to prolong the making of proofs of loss or passing thereon or to suspend or postpone the right to sue, as was

the case in Stewart v. National Council of K. & L. of S. and Dechter v. National Council of K. & L. of S. supra. The by-law does not provide for the payment of the loss within 60 or 90 days after due and satisfactory proofs of the same, as was the case in Chandler v. St. Paul F. & M. Ins. Co. 21 Minn. 85, 18 Am. Rep. 385; nor does it bring the instant case within the rule in the Stewart and Dechter cases.

Where, therefore, the limitation itself is not unreasonable, and the event setting it in motion is definite and bound to occur, and where the insurer has no power indefinitely or unreasonably to postpone or suspend the right to sue pending the happening of some other event subsequent to the loss, the limitation provided by the contract is valid and binding. Carlson v. Metropolitan Life Ins. Co. 172 Mass. 142, 51 N. E. 525; Thomson v. American Fidelity Co. 215 Mass. 460, 461, 102 N. E. 699; Griem v. Fidelity & Casualty Co. 99 Wis. 530, 75 N. W. 67; Lundberg v. Interstate B. M. Acc. Assn. 162 Wis. 474, 481, 156 N. W. 482, Ann. Cas. 1916D, 667; Tebbets v. Fidelity & Casualty Co. 155 Cal. 137, 99 Pac. 501; John Morrill & Co. v. New England Fire Ins. Co. 71 Vt. 281, 4 Atl. 358; Riddlesbarger v. Hartford Ins. Co. 7 Wall. 386, 19 L. ed. 257.

The contract limitation was fixed by the parties, and the insurer had no power indefinitely or unreasonably to suspend or postpone the right to sue pending the happening of some event subsequent to the loss. The event fixing the time when the limitation began to run had occurred and the limitation period had expired more than a year before this action was brought. The action is, therefore, barred.

Order affirmed.