ANTONI MARCINIAK *vs.* HENRY WALZ.

Hampshire.    March 31, 1921. — June 29, 1921.

Present: RUGG, C. J., DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

*Practice, Civil,* Requests, rulings and instructions, Exceptions. *Contract,* Rescission.

In an action to recover the purchase price paid for a bowling alley, where the judge ruled that the case could not be submitted to the jury on the ground, relied on by the plaintiff, of rescission of the sale, it was *held* that certain requests for rulings made by the defendant relative to the plaintiff's right of rescission were rendered immaterial and properly were refused.

Requests for rulings based upon a count in a declaration which is not submitted to the jury rightly may be refused as irrelevant.

An error in a charge to a jury which relates to damages for breach of an express or implied warranty of title is rendered immaterial by a verdict manifestly based upon the theory that no title passed to the plaintiff.

CONTRACT OR TORT, with a declaration as amended in five counts, the first and second counts being respectively for $3,250 on an account annexed and for money had and received by the defendant to the plaintiff's use. The third count was in tort for alleged misrepresentations made by the defendant as to the title to a certain bowling alley in Easthampton and the volume of business done therein. The fourth count alleged a contract in writing made by the plaintiff with the defendant for the purchase of the said bowling alley for $3,000, the payment of the purchase price by the plaintiff, a breach of certain warranties as to the title contained in the contract, the rescission of the contract by the plaintiff and the refusal of the defendant to return the purchase price. The fifth count alleged that the plaintiff made a contract in writing with the defendant " whereby, in consideration that the plaintiff agreed to purchase certain bowling alleys in Easthampton in said county together with other personal property therein described,' and to take an assignment of the lease of the basement of the Majestic Theatre building from Samuel and Nathan Goldstein, Incorporated, to said defendant for a term of years, and also to

pay the said defendant the sum of $3,000 and to pay for certain coal and insurance, the defendant undertook and agreed to sell and transfer to the plaintiff the said bowling alleys and other personal property and to give him a bill of sale therefor, and transfer and assign the said lease; and the plaintiff paid said sum of $3,000 and took what purported to be an assignment of said lease and paid out the sum of $100 for coal, and was ready and willing to pay for said insurance; that the defendant did not sell and transfer the said bowling alleys and other personal property to the plaintiff and did not give him a bill of sale therefor, but, though often requested, neglected and refused so to do, and plaintiff seeks to recover said purchase price." Writ dated April 17, 1920.

In the Superior Court the action was tried before *Aiken*, C. J. Material facts are described in the opinion. At the close of the evidence and before the arguments a motion then made by the plaintiff to amend his declaration by adding his fifth count was allowed. At that time the fifth count did not contain the words "and the plaintiff seeks to recover said purchase price," and the motion to amend was allowed without those words. The defendant objected to the allowance of the fifth count on the ground that it did not appear whether the count was for damages, or for the recovery of the purchase price. The plaintiff elected to rely upon the counts in contract in his declaration. The judge refused the following requests for rulings made by the defendant.

"1. Upon all the evidence, it does not appear that the plaintiff can place the defendant in the same position which the defendant occupied prior to the sale; hence, the plaintiff cannot recover.

"2. Upon all the evidence, it does not appear that the defendant can, or ever could secure the assent of Samuel and Nathan E. Goldstein, Inc., to the assignment of the lease to Walz, or secure a waiver from the said Samuel and Nathan E. Goldstein, Inc., of the terms in the assignment already executed between said plaintiff and defendant, and assented to by the said Samuel and Nathan E. Goldstein, Inc.; hence, the plaintiff cannot recover.

"3. Upon all the evidence, it appears that the plaintiff cannot secure the assent of said Samuel and Nathan E. Goldstein, Inc., to an assignment of the said lease to said Walz; hence, the plaintiff cannot recover.

" 4. Upon all the evidence, it appears that the plaintiff cannot secure the waiver of the said Samuel and Nathan E. Goldstein, Inc., to the terms in the additional conditions in the assignment from the plaintiff to the defendant, assented to by the said Samuel and Nathan E. Goldstein, Inc.; hence, the plaintiff cannot recover.

" 5. There is no evidence of any breach of either implied or expressed warranty of title.

" 6. There is no evidence of any valid mortgage on the property at the time of the sale of the property from the defendant to the plaintiff.

" 7. There is no evidence of a valid mortgage from Julius J. Mutter and William E. Mengel to John L. Lyman on the property at the time of the sale of the property from the defendant to the plaintiff.

" 8. There is no evidence of a valid mortgage from Julius J. Mutter and William E. Mengel to Anna Mengel and Rudolph Mutter on the property at the time of the sale of the property from the defendant to the plaintiff.

" 9. Upon all the evidence, the plaintiff cannot recover on the ground of a breach of an implied or an expressed warranty of title made by Walz."

" 12. The plaintiff cannot recover unless he offered to return to the defendant all the personal property and the assignment of the lease properly assented to.

" 13. Upon all the evidence, it appears that the lease as originally entered into between the said Samuel and Nathan E. Goldstein, Inc., and Henry Walz has been materially changed by the conditions contained in the assignment from Henry Walz to Antoni Marciniak and assented to by the said Samuel and Nathan E. Goldstein, Inc."

The judge ruled that the case could not be submitted to the jury on the ground of rescission of contract because there was nothing to show that Samuel and Nathan E. Goldstein, Inc., would assent to the waiver of the additional terms contained in the assignment of the lease to the plaintiff.

The case was submitted to the jury on the first, second, and fifth counts of the declaration.

At the close of the charge, the defendant saved the following, among other, exceptions to the charge:

" 1. The defendant excepted to that part of the charge in which the court charged the jury that the effect of the transfer of the mortgage from Lyman to Walz is to make Walz the mortgagee.

" 2. The defendant also excepted to the statement that Walz held the property subject to the right of Mengel and Mutter to have the property on paying the amount due on the mortgage with the interest that was due."

The jury returned a verdict for the plaintiff in the sum of $3,000. After verdict the defendant moved for a new trial, arguing, among other causes, that it did not appear from the verdict whether the verdict was for damages or for the recovery of the purchase price. The plaintiff argued that the verdict plainly was for the recovery of the purchase price under the fifth count. The judge overruled the motion for a new trial. The defendant thereupon pressed his earlier objection that it did not appear from the fifth count whether it was for damages or the recovery of the purchase price, and urged that the count should show what was the plaintiff's claim as to ownership of the property. The plaintiff's attorney said he was willing to adopt language removing any uncertainty, and the words " and the plaintiff seeks to recover said purchase price " were settled upon after colloquy, the defendant's attorney taking part in the discussion as to the form of words that would meet his objection. The words " and the plaintiff seeks to recover said purchase price " were then written into the fifth count of the declaration upon the instruction of the court. There was no exception to the allowance of the amendment by adding the fifth count, or to the later addition of the words " and the plaintiff seeks to recover said purchase price."

The defendant alleged exceptions.

*N. P. Avery,* (*D. A. Foley* with him,) for the defendant.

*R. P. Stapleton,* for the plaintiff.

DE COURCY, J. The jury, who returned a verdict for the plaintiff, by considering the evidence in its aspect most favorable to him would have been warranted in finding the following facts. The defendant formerly owned the Majestic Theatre building in Easthampton. The bowling alleys in the basement were owned by William E. Mengel and Julius J. Mutter in 1913. On August 4 of that year they gave to one Lyman a note for $1,000, and, as security therefor, a mortgage of the bowling alleys, pool tables and

equipment. On January 2, 1914, they executed a second mortgage for $1,200, in favor of Anna Mengel and Rudolph Mutter, Jr. The defendant was indorser of the first mortgage note. He bought and received a bill of sale of the alleys in February or March, 1914; subsequently paid the first mortgage note; and in October, 1918, took from Lyman an assignment of the mortgage. On January 8, 1920, he obtained from the owner of the building, Samuel and Nathan E. Goldstein, Inc., a lease of the basement premises for a term of eight years. On January 14 he received from the plaintiff $3,000 as the sale price for the "Majestic Bowling Alley," and gave him a receipt therefor, and an agreement to assign the lease. This agreement also provided that "Possession of said property is to be transferred to the said Marciniak by the said Walz by a Bill of Sale, which shall be executed immediately upon the assent of the said Samuel & Nathan Goldstein, Inc., to the assignment of the lease." It further stipulated that until the bill of sale was executed, and the assent secured, Marciniak should work for Walz, and receive as compensation the net receipts of the business; and that "When the said Bill of Sale transferring the ownership of said property to the said Marciniak is executed," and said assent secured, the plaintiff should give a note for the value of the insurance policies and coal.

The assignment of the lease was duly assented to, with a modification requiring the lessee to pay the water rates in excess of $6 per annum. The lease itself never was delivered to the plaintiff. He was unable to obtain a bill of sale from the defendant, although he many times asked for one. Meanwhile he carried on the business of running the bowling alleys. On April 5 written demand was made on him for the payment of what was due on said $1,200 note; and the letter notified him that if it was not paid, the mortgage on the alleys would be foreclosed. He showed the letter to the defendant, and said he would consult a lawyer; but Walz told the plaintiff he could not sell the alleys as long as he (Walz) had the lease. Something was said also by Walz about foreclosing the first mortgage, which had been assigned to him. Finally the plaintiff asked for the return of his money, offered Walz the key of the premises, and brought this action. The case was submitted to the jury on the first, second and fifth counts; the fifth (as above set forth) being based on the alleged refusal of the defendant to

transfer the property and give a bill of sale thereof, in accordance with his agreement.

The defendant excepted to the judge's refusal to give certain rulings requested, and to portions of his charge to the jury. Requests numbered 1, 2, 3, 4 and 13 relate to the plaintiff's right of rescission. These were rendered immaterial by the ruling of the court that "the case could not be submitted to the jury on the ground of rescission of contract because there was nothing to show that Samuel and Nathan E. Goldstein, Inc., would assent to the waiver of the additional terms contained in the assignment of the lease to the plaintiff." The same is true of number 12, so far as it refers to the plaintiff's right to rescind; and on any other ground it was rightly refused. We have no occasion to consider whether said ruling was too favorable to the defendant. See *O'Shea* v. *Vaughn*, 201 Mass. 412, 423, *et seq.* The remaining requests relate to alleged breaches of warranty of title, and freedom of the property from incumbrances. They were rightly refused as irrelevant because the fourth count, on which they were based, was not sent to the jury. The exceptions to the judge's charge all deal with alleged breaches of express or implied warranties. The verdict was for $3,000, and manifestly was assessed on the theory that no title to the personal property ever passed to the plaintiff, and that he was entitled to recover damages for breach of the contract, as alleged in the fifth count. Accordingly any error in the portion of the charge dealing with damages for breach of warranty was rendered immaterial by the verdict. *Stratton* v. *Mount Hermon Boys' School*, 216 Mass. 83, 89. *Sylvester* v. *New York, New Haven & Hartford Railroad*, 217 Mass. 148, 153.

The defendant's main argument seems to be that no recovery could be had under the fifth count, on the ground that this count was based upon the rescission of a completed contract. The short answer to this is, that no such question is open on the exceptions. But it may be said in addition that no question of pleading was raised at the trial. The judge fully charged the jury as to the plaintiff's right to get back his money if it was the agreement of the parties that a written bill of sale was to be "an essential document in the passing of a title" and if the title never was in Marciniak because a bill of sale was not delivered nor its delivery waived. No exception was taken to what was said on this issue.

It is true that after the defendant's motion for a new trial had been overruled, the words " and the plaintiff seeks to recover said pur-- chase price" were added to the fifth count at the request of his attorney, and with the acquiescence of the defendant's attorney. But this language was not in the count when the jury passed upon it. The meaning and the legal effect of this addition are not brought before us for consideration by any of the defendant's exceptions.

*Exceptions overruled.*