PARKWAY, INC. *vs.* UNITED STATES FIRE INSURANCE
COMPANY & others.

Suffolk. October 5, 1944. — December 28, 1944.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Insurance*, Issuance of policy, Oral contract of insurance.

Evidence that before the expiration of a fire insurance policy the agent
of the insurer asked the insured whether he wished a renewal policy;
that the insured agreed to accept one; that a renewal policy, with a
bill for the premium, was later sent to the insured and was neither
rejected nor cancelled by him, warranted a finding that the renewal
policy had been contracted for and accepted by the insured, and was
in force, at the time of a fire some weeks later, although he did not
pay the premium before the fire.

One, who had made with an insurance company an oral contract for the
issuance and acceptance of a fire insurance policy, might recover
against the company for a loss on the ground of the company's obli-
gation under such contract where a policy was delivered to him be-
fore the loss but was invalid because, through inadvertence, it did
not bear a countersignature necessary for its validity according to
its terms.

BILL IN EQUITY, filed in the Superior Court on May 15,
1942.

After the decision by this court reported in 314 Mass.
647, the case was heard in the Superior Court on the merits
by *Morton*, J.

*C. W. O'Brien*, for the defendants.

*P. D. Turner*, (*C. W. Spencer* with him,) for the plaintiff.

LUMMUS, J. After the decision in *Parkway, Inc.* v.
*United States Fire Ins. Co.* 314 Mass. 647, the case was
heard on its merits. Many of the facts appear in the
report of that case. Two of the four insurance companies
involved, Seaboard Fire and Marine Insurance Company
and Scottish Union and National Insurance Company,
admitted liability, and paid their shares of the loss on the
theory that all four defendant insurance companies were
liable. Accordingly the bill was dismissed as to them.

The two other defendants, United States Fire Insurance Company and Empire State Insurance Company, denied liability on the ground that their policies never took effect. The final decree gave the plaintiff relief as to both, with costs, and they appealed. The case comes here with a finding of material facts and a report of the evidence.

Prior to January 7, 1941, the plaintiff, then under the control of one Antoon, held policies of fire insurance in the two appellant insurance companies. On that day the control of the plaintiff passed to Frank J. Cechario and his wife Mary A. Cechario. The policy in the United States Fire Insurance Company expired on March 5, 1941, and that in the Empire State Insurance Company expired on April 27, 1941. Before those policies expired, one Goodhue, the duly authorized agent of both companies, called upon the plaintiff to ask whether the plaintiff desired renewal policies in the same amounts for one year from the dates of expiration. The plaintiff agreed to accept them. Goodhue later sent to the plaintiff renewal policies accordingly in the same companies, together with a bill for the premiums. The policies were neither rejected nor cancelled. The fire occurred on June 4, 1941, and the plaintiff sent Goodhue a check for the bill on June 6, 1941, but the check was returned to the plaintiff. Goodhue testified that if there had not been a fire the check would not have been returned. We think that the policies were contracted for and accepted by the plaintiff, and did not constitute mere offers which at the time of the fire the plaintiff had neither accepted nor rejected, as the appellant insurance companies contend.

The appellant Empire State Insurance Company relies further upon the imperfection in its policy that it was never countersigned by Goodhue as the duly authorized agent of that company. The policy provided that "This policy shall not be valid until countersigned by the duly authorized agent of the company." Goodhue had authority to issue and countersign the policy. He intended to do so, and thought he had done so. He had incidental authority to contract orally for the issuance of a valid policy. He thought he had issued a valid policy as he

intended to do. He reported it as a valid policy to the New England Rating Bureau and to the insurer itself. He sent the plaintiff a bill for it as a valid policy. The defence, under the circumstances, is based on the merest technical informality, and has no merit in equity or fair dealing. The equitable rights of the parties appear to have been fully tried, and need no further determination.

At law the policy appears to have been invalid without countersignature. *Badger* v. *American Popular Life Ins. Co.* 103 Mass. 244. We do not pause to inquire whether there was any waiver of countersignature that was binding upon the insurer at law. Plainly there was a binding contract to issue and accept a valid insurance policy. *Friend Brothers, Inc.* v. *Seaboard Surety Co.* 316 Mass. 639, 645. By accident such a policy was not issued. The equitable rights of the parties are the same in substance as they would have been had such a policy been issued. *Greenough* v. *Welles,* 10 Cush. 571, 579. *Pilok* v. *Bednarski,* 230 Mass. 56, 58. *Lonergan* v. *Highland Trust Co.* 287 Mass. 550, 559. *Baseball Publishing Co.* v. *Bruton,* 302 Mass. 54, 58. *Gaylord* v. *Pelland,* 169 Mass. 356. *Parsons* v. *Parsons,* 230 Mass. 544, 553. *Tayloe* v. *Merchants' Fire Ins. Co.* 9 How. 390. *Aetna Indemnity Co.* v. *Baltimore, Sparrows Point & Chesapeake Railway,* 112 Md. 389, 393; *S. C.* 117 Md. 523, 528, 529.

The plaintiff may apply to the Superior Court for the allowance of an amendment to its bill, whereby in paragraph 6 the obligation of the defendant Empire State Insurance Company will be stated as upon an oral contract to issue a written policy of insurance such as is described in that paragraph, which policy was issued but was not valid at law because by accident the countersignature of the agent was omitted. If such an amendment shall be allowed within thirty days, the final decree is to be affirmed with costs to the plaintiff against the appellants. Otherwise the final decree is to be modified by dismissing the bill as against the defendant Empire State Insurance Company, and as modified it is to be affirmed with costs to the plaintiff against the United States Fire Insurance Company.

*So ordered.*