LONDON CLOTHES, LTD. *vs.* MARYLAND CASUALTY COMPANY.

Worcester.    September 25, 1945. — November 8, 1945.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Insurance,* Oral contract of insurance, Waiver, Indorsement, Burglary insurance. *Waiver. Contract,* Oral contract of insurance, What constitutes, Consideration. *Time. Error,* Whether error harmful. *Practice, Civil,* Exceptions: filing of bill, what questions open, whether error harmful; Requests, rulings and instructions. *Words,* "To."

Filing a bill of exceptions on April 21 was seasonable under an order of court which had extended the time within which it could be filed "to April 21."

Evidence warranted a finding that an oral agreement between an insurance company and an insured to renew a policy of burglary insurance about to expire contemplated a new policy similar in terms to the old policy, without any provision requiring the insured to maintain a watchman, although, while the company before the expiration of the old policy was making a survey in response to the insured's request for advice respecting whether a watchman or a burglar alarm system would be better protection, the company had stated that the insured should employ a watchman and the insured had done so, but it appeared that no valid indorsement requiring a watchman had been made by the company on the policy; and recovery was warranted on such oral agreement for insurance for a loss due to a burglary occurring, at a time when the watchman was not on duty, after the old policy had expired and before the new policy was issued.

A defendant, under an exception to the denial by a judge of the Superior Court sitting without a jury of a request, the grounds of which were not stated at the trial, for a ruling that upon all the evidence the plaintiff was not entitled to recover, was entitled in this court to raise an alleged ground for the granting of the request not raised at the trial nor dealt with by the trial judge.

A ruling of a waiver of a provision in a contract of insurance precluding the insured from bringing an action on the contract within three months after the filing of proofs of loss was required where it appeared that the insurer had denied liability under the contract solely on grounds wholly inconsistent with a defence based on such provision.

In an action heard without a jury by a judge who found generally for the plaintiff, any error in the denial of a request for a ruling to the effect that all the evidence warranted a finding for the defendant was harmless where full and detailed subsidiary findings requiring the general finding were made and were expressly stated to have been made upon a consideration of the entire evidence.

Any error in the granting by a judge hearing a case without a jury of a request by the plaintiff for a ruling which was pertinent only to a count in the declaration other than that on which a finding for the plaintiff was based was harmless because of such finding.

Forbearance by an insurer to exercise its power to cancel a policy of insurance would not constitute a consideration for an indorsement onerous to the insured being made on the policy, unless such forbearance were found to have resulted from an express or implied agreement of the parties binding the insurer not to cancel the policy for a specified or reasonable time in return for the making of the indorsement.

A ruling which the record shows is required by the findings is not to be set aside merely because the reasons given by the judge for the ruling were insufficient to support it.

CONTRACT.   Writ in the Superior Court dated April 10, 1940.

The case was heard by *Hammond,* J., without a jury.

*B. C. Tashjian,* for the defendant.

*H. Seder,* (*S. A. Seder* with him,) for the plaintiff.

RONAN, J.   This is an action of contract to recover for a loss, sustained when thieves broke and entered the plaintiff's premises and carried away its goods, which, it was alleged, came within an oral agreement of insurance, or an agreement to renew a policy, or a policy of insurance.   The answer contained a general denial, and also alleged that the plaintiff did not comply with conditions precedent contained in the policy, especially the condition requiring a private watchman to be on duty within the premises at all

times when not regularly open for business. The case was tried before a judge, who made findings of fact and rulings of law and found for the plaintiff.

The defendant excepted to the denial of certain requests, to the granting of some of the plaintiff's requests, and to a certain ruling made by the judge.

The plaintiff excepted to the denial of its motion to dismiss the defendant's bill of exceptions. The bill was filed on April 21, 1944. The time within which it was to be filed was extended "to April 21, 1944." The plaintiff contends that the bill was filed too late because this extension did not include the day last named. It has been held that the preposition "to," like its equivalent the word "until," is a term of flexible meaning, and whether it is inclusive or exclusive of the date that follows it depends upon the manifest intention with which it is used. *Kendall* v. *Kingsley,* 120 Mass. 94. *Chamberlain & Burnham, Inc.* v. *Cohn,* 261 Mass. 322. *Bouvier* v. *Craftsman .Ins. Co.* 300 Mass. 5. By the weight of authority, where an order of the court gives a party an extension of time to file a pleading to or until a certain date, the order includes the day mentioned in the absence of anything to indicate a contrary intent. The defendant's bill of exceptions was seasonably filed. *Louisville & Nashville Railroad* v. *Scott,* 232 Ala. 284. *Rogers* v. *Cherokee Iron & Railway,* 70 Ga. 717. *Henderson* v. *Edwards,* 191 Iowa, 871. *Stidham* v. *O'Neal's Administrator,* 262 Ky. 757. *Penn Placer Mining Co.* v. *Schreiner,* 14 Mont. 121. *Bloch Queensware Co.* v. *Smith, Saxton & Co.* 107 Mo. App. 13. *Thompson* v. *Reynolds,* 59 Utah, 416. See cases collected in 16 Am. L. R. 1094. See also *Cooney* v. *Burt,* 123 Mass. 579.

The principal question presented by the defendant's exceptions is whether there was error in the finding that the oral contract of insurance did not contain any provision requiring the plaintiff to have a watchman on duty at all times when its premises were not open for business. Some of the facts were agreed to by the parties, some were undisputed, and many were found by the judge. The defendant had issued an "open stock burglary policy" which

expired on January 19, 1940. While this policy was in force, the plaintiff sustained loss from two thefts, which the defendant paid, and the plaintiff sought the advice of the defendant as to whether a watchman or a burglar alarm system would be preferable for better protection of its property. The defendant on July 12, 1939, wrote the plaintiff that it would make a survey and that in the meanwhile the plaintiff should employ a watchman. The plaintiff did employ a watchman, whose hours of work were from eight o'clock in the evening to seven o'clock in the morning. There were short periods of time after the store closed and before the watchman went on duty. The defendant on August 25, 1939, sent the plaintiff two copies of an indorsement, one of which, in accordance with the defendant's letter, was signed by one Brenner, an employee of the plaintiff, and then returned to the defendant. The indorsement provided for the employment of a watchman at all times when the plaintiff's premises were not open for business. This indorsement was not countersigned, as required by the policy, by any authorized agent of the defendant or by Cantor, who had secured the insurance for the plaintiff and who was admitted to be the agent of the defendant. The plaintiff was entitled to a rebate of a part of the premium paid if the watchman indorsement became effective, but no rebate was paid by the defendant. There was evidence that about December 1, 1939, one Renda, who had bought out the interests of his associates in the plaintiff, began negotiations with Cantor for a renewal of the insurance, and that he intended to change the name of the plaintiff to Renda Clothes, Ltd., although such change was not effected until February 13, 1940; that Cantor sent a man to the plaintiff to instal a burglar alarm system; that Cantor knew the system was being installed, and told Renda that he would write the policy to cover the place just the same as the original policy and would give a twenty per cent credit if the alarm was installed within thirty days; and that the defendant knew all these facts. The judge found that Cantor agreed to renew the old policy; that the renewal was accepted by the defendant before the policy

expired; and that the oral contract extended the terms and conditions of the original policy until the new policy was actually written and was intended to cover the plaintiff's merchandise. The delay in issuing the policy was due to the fact that the burglar alarm system was not completed until early in February, 1940. The policy was not made out until February 5, 1940, and in it the insured was described as Renda Clothing Corporation. The plaintiff was charged the full premium rate for a policy not containing a watchman clause and not providing for a burglar alarm system.

The plaintiff's place of business was broken into on Sunday evening, January 28, 1940, by thieves who bound and gagged the watchman when he arrived sometime between seven-thirty and eight o'clock and took away the plaintiff's goods in a truck which had been driven into the building.

Whether an oral contract for insurance had been made between the plaintiff and the defendant and, if so, whether the watchman clause was or was not one of the terms of this contract were upon all the evidence questions for the determination of the judge. The conversations between Renda and Cantor, the knowledge of the latter and of the defendant that the burglar alarm system was being installed, the delay in issuing the policy, the charging of the full premium rate to the plaintiff, the payment of a commission to Cantor by the defendant based upon this rate, and the office records of the defendant itself, warranted findings that the parties had agreed before the expiration of the old policy that the defendant was to issue a new policy in a form similar to the original policy that was expiring, and that such policy was not to include any provision requiring the plaintiff to employ a watchman. The defendant argues that Renda did not know about any indorsement relative to a watchman clause but that Cantor did, and that consequently there could have been no meeting of the minds when they conferred to provide for new insurance. If Renda did not have such knowledge, it is reasonably probable that he was not seeking new insurance with a provision requiring the plaintiff to maintain a watchman; and that

Cantor so understood him is plainly shown by the office records of the defendant, which must have been made up from information furnished the defendant by Cantor, for no other agent of the defendant conducted negotiations with Renda.   At least a trier of fact could find that one was seeking insurance with no provision for a watchman and the other agreed to furnish it and to cover the risk until a policy should be issued.   Findings of fact made by a judge in an action at law are not to be reversed if they can be supported upon any reasonable view of the evidence including all rational inferences of which it was susceptible. *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207.   *Bridges* v. *Hart,* 302 Mass. 239.   *Haney* v. *Beaton,* 314 Mass. 677.

An oral contract of insurance which contains all the essential elements of the transaction is valid and obligates the insurer to pay for a loss sustained subsequently to the oral contract but before the policy contemplated by the oral contract has been issued.   *Shumway* v. *Home Fire & Marine Ins. Co.* 301 Mass. 391, 395.   *Friend Brothers, Inc.* v. *Seaboard Surety Co.* 316 Mass. 639, 645.   *Parkway, Inc.* v. *United States Fire Ins. Co.* 317 Mass. 428, 430.

What has already been said goes far toward showing that there was no error in denying the defendant's first request for a ruling to the effect that upon all the evidence the plaintiff was not entitled to recover.   The defendant now raises, apparently for the first time, the contention that the plaintiff could not by the terms of the policy contracted for commence an action within three months after proofs of loss were submitted to the defendant.   The judge found that proofs of loss were seasonably filed in the name of the plaintiff on February 29, 1940.   He made no finding on the right of the plaintiff to commence this action on April 10, 1940, seemingly for the reason that this point was not raised at the trial.   The point now raised is open. [1]   *Krasnow* v. *Krasnow,* 253 Mass. 528.   *Connors* v. *Wick,* 317 Mass. 628. *Trites* v. *Melrose, ante,* 378.

The old policy, which expired on January 19, 1940, con-

---

[1] The record does not show that the grounds for the defendant's first request were stated at the trial. — REPORTER.

tained a provision precluding the plaintiff from bringing action until three months after proofs of loss had been filed, and the oral contract contemplated the issuance of a policy containing a similar provision. *De Grove* v. *Metropolitan Ins. Co.* 61 N. Y. 594. *Hicks* v. *British America Assurance Co.* 162 N. Y. 284. *Sherri* v. *National Surety Co.* 243 N. Y. 266, 270. Provisions of policies prescribing a time before which or after which an action may not be brought furnish a complete defence where an action is brought contrary to such provisions. *Bryant* v. *Commonwealth Ins. Co.* 6 Pick. 131, 147. *Carlson* v. *Metropolitan Life Ins. Co.* 172 Mass. 142. *Lewis* v. *Metropolitan Life Ins. Co.* 180 Mass. 317. *Thomson* v. *American Fidelity Co.* 215 Mass. 460. Such provisions, however, are for the benefit of the insurer and may be waived.

The defendant from the beginning took the position that the oral agreement did not call for a policy without the watchman clause. It refused to recognize the right of the plaintiff to file a proof of loss, and when the plaintiff made proof under the old policy and the renewal thereof the blank form furnished by the defendant contained a statement typed thereon to the effect that it was furnished to the Renda Clothing Corporation by the defendant "under a complete and full reservation of its rights under policy # 64–013975," that is, the new policy. As early as February 17, 1940, Cantor, the defendant's agent, wrote the plaintiff that the defendant "does not want to admit liability because of the clause in the policy concerning the watchman." The defendant on April 5, 1940, wrote the plaintiff's counsel that it was returning the proof of loss filed by the plaintiff, directing his attention to the fact that the time for filing proofs by Renda Clothing Corporation had expired, and stating that the defendant would not waive the provision of the policy in reference to the time within which proofs must be filed. The defendant also wrote the plaintiff on the same day that "All liability is hereby denied under policy 64–013975 . . . that this loss does not come within the terms of the policy just referred to, and [we] will rely on any of the defenses available to us under said policy in

the event of litigation." The oral contract of insurance was not complied with by the issuance of the new policy to Renda Clothing Corporation which contained the watchman clause; and the insistence by the defendant that the policy which it issued was in full performance of the oral contract and its denial of liability to the plaintiff constituted as matter of law a waiver of the provision of the policy contemplated by the oral contract that suit should not be commenced within three months of filing proofs of loss. The parties have agreed that no questions are raised as to the pleadings. The documentary evidence shows as matter of law that the defendant waived the defence based on the contention that the action was prematurely brought. There was no error in denying the defendant's first request in so far as it was based upon this contention. *Whitten* v. *New England Live Stock Ins. Co.* 165 Mass. 343. *Thomson* v. *American Fidelity Co.* 215 Mass. 460. [1]

The judge refused to grant the defendant's sixth and seventh requests to the effect that all the evidence or the defendant's evidence warranted a finding for the defendant. As has been frequently pointed out, there would have been no error if the judge had granted these requests and then found for the plaintiff as he did. The denial of these requests became immaterial in view of the full and detailed findings, which as expressly stated were made upon a consideration of the entire evidence and which show that the judge, uninfluenced by the manner in which he had dealt with these rulings, reached his conclusion only after a careful analysis of all the evidence. *Brodeur* v. *Seymour*, 315 Mass. 527, 529–530. *Liberatore* v. *Framingham*, 315 Mass.

---

[1] See also *Depuc* v. *Travelers' Ins. Co.* 166 Fed. 183; *Bankers Fire & Marine Ins. Co.* v. *Draper*, 242 Ala. 601; *Locomotive Engineers Mutual Life & Accident Association* v. *Vandergriff*, 192 Ark. 244; *Williamsburg City Fire Ins. Co.* v. *Cary*, 83 Ill. 453; *General Exchange Ins. Corp.* v. *Kinney*, 279 Ky. 76; *Popa* v. *Northern Ins. Co.* 192 Mich. 237; *Banner Laundry Co.* v. *Great Eastern Casualty Co.* 148 Minn. 29; *McKeon* v. *National Casualty Co.* 216 Mo. App. 507; *Teitelbaum* v. *Massachusetts Accident Co.* 13 N. J. Misc. 811, affirmed 116 N. J. L. 417; *Miles* v. *Casualty Co.* 203 N. Y. 453; *Reese* v. *Fidelity & Deposit Co.* 93 Misc. (N. Y.) 31; *Callahan* v. *London & Lancashire Fire Ins. Co. Ltd.* 98 Misc. (N. Y.) 589; *Curran* v. *National Life Ins. Co.* 251 Penn. St. 420; *Insurance Co.* v. *Norment*, 91 Tenn. 1; *Olson* v. *Herman Farmers Mutual Ins. Co.* 187 Wis. 15.

538, 541–542. *Quinby* v. *Boston &. Maine Railroad, ante,* 438.

The defendant was not entitled to the fourth and fifth requests for rulings that the plaintiff was required to have a watchman on the premises at all times when they were not regularly open for business and that the plaintiff could not recover if a watchman was not on duty when the thieves entered on January 28, 1940. The terms of the oral contract of insurance did not contain any provision for a watchman, and the defendant cannot complain of the refusal of requests based upon facts found not to exist. *Levine* v. *Cohen,* 235 Mass. 446, 448. *Mahoney* v. *Norcross,* 284 Mass. 153. *Cameron* v. *Buckley,* 299 Mass. 432, 434.

The defendant contends that there was error in granting the plaintiff's thirty-first and thirty-third requests for rulings that a condition of a policy is waived where the insurance company, with the full knowledge of the facts, charges and accepts a premium ordinarily charged in the absence of such a condition. These requests were pertinent to the case stated in one of the counts of the declaration, but they were not material upon the plaintiff's contention that it was entitled to recover upon an oral contract of insurance, upon which the plaintiff prevailed. That contract as proved at the trial was free from the conditions mentioned in these requests which could refer only to the clauses providing for a watchman and a burglar alarm system. The granting of these requests became immaterial and could not have harmed the defendant. *Marciniak* v. *Walz,* 239 Mass. 259. *Buckley* v. *Gray,* 285 Mass. 110. *Wilson* v. *Birkenbush,* 305 Mass. 173.

There was no error in the granting of the plaintiff's ninth and eighteenth requests which were, in substance, that the agreement to keep a watchman was without consideration and not a condition of the policy, and that the mere withholding of cancellation by the defendant was not sufficient consideration for imposing an additional burden on the plaintiff. These requests obviously refer to the policy which expired on January 19, 1940. The judge found that the indorsement of August 25, 1939, was not countersigned as re-

quired by the policy; that it was sent to the plaintiff as a result of an inquiry by the plaintiff as to what steps should be taken for the better protection of its property; that the defendant did not refund a reduction in the premium on account of the employment of a watchman by the plaintiff; and that the indorsement was not supported by any consideration.

It is to be noted that the indorsement was not countersigned as required by the policy, and it did not at law constitute a valid indorsement. *Badger* v. *American Popular Life Ins. Co.* 103 Mass. 244. *Parkway, Inc.* v. *United States Fire Ins. Co.* 317 Mass. 428. The defendant never made any refund to the plaintiff of a part of the premium to which the plaintiff was entitled if the defendant considered the indorsement valid. The defendant points out that it had the authority under the policy to require the plaintiff to make its premises reasonably secure and upon failure of the plaintiff to do so it could suspend the risk; and also that it had the power to cancel the policy and that forbearance to exercise this authority was sufficient consideration for the indorsement. The judge, in finding that there was no consideration and in granting the plaintiff's request that mere forbearance to cancel was "not sufficient consideration for imposing additional burden on the insured," could have found that the forbearance did not result from any express or implied agreement between the parties which would bar the defendant for any time thereafter from cancelling the policy. Forbearance alone would not bind either the plaintiff or the defendant. *Mecorney* v. *Stanley,* 8 Cush. 85, 88. *Barber* v. *Rathvon,* 250 Mass. 479, 484. *Spillane* v. *Yarnalowicz,* 252 Mass. 168, 171. *O'Connor* v. *National Metals Co.* 317 Mass. 303. The plaintiff never requested the defendant not to cancel the policy, and the power of the defendant to cancel was not in any way restricted on account of the indorsement. It could still cancel the policy at any time it chose and for any reason it deemed sufficient or without any reason at all. It has been held that an indorsement, as the insurer here contends, to avoid a cancellation of the policy, but which did not bind the insurer not

LONDON CLOTHES, LTD. *v.* MARYLAND CAS. CO. [318

to exercise the power of cancellation for a period of time or for a reasonable time, is not supported by a consideration. *Bassi* v: *Springfield Fire & Marine Ins. Co.* 57 Cal., App. 707, 713. *Maryland Casualty Co.* v. *First National Bank,* 82 Fed. (2d) 465.

The defendant finally contends that the judge erred in ruling that the plaintiff, having paid for the type of insurance that did not require the employment of a watchman or the maintenance of a burglar alarm system, was entitled to full coverage against loss commensurate with the premium charged. This ruling must be construed with an immediately preceding finding and ruling that the contract of insurance "created by reason of the binder" extended the terms and conditions of the original policy until the new policy was actually written and was intended to cover the plaintiff's merchandise set forth in the original policy and contained in the premises therein described. Even if we assume without making any intimation that the particular ruling complained of was wrong, yet the defendant was not prejudiced because, it having waived any defence based on a contention that the action was prematurely commenced, a ruling establishing the defendant's liability upon the oral contract of insurance was inevitable upon the findings made by the judge. A ruling in favor of a party which the record shows is required by the findings is not to be set aside because the reasons given for the ruling may be insufficient to support it. *Weidman* v. *Weidman,* 274 Mass. 118, 125. *Rathgeber* v. *Kelley,* 299 Mass. 444, 446. *Bianco* v. *Lay,* 313 Mass. 444, 450.

*Plaintiff's exceptions overruled.*
*Defendant's exceptions overruled.*