GARRIE H. DELAMATER, Administrator, Respondent, *v.* THE PRUDENTIAL INSURANCE COMPANY, Appellant.

*N. Y. Supreme Court, Third Department, General Term, May 27, 1889.*

1. *Insurance. Suicide. When question for the jury.*—Though the suicide of the insured is a defense under the conditions of an insurance policy, yet it is a question for the jury whether or not she committed suicide, where the evidence is not such that the appellate court can set aside their verdict as against the weight of evidence.

2. *Same. Proofs. Waiver.*—The company can waive the conditions of the policy requiring the presentation of proofs at the office of the company; and where, believing that it has a good defense, and feeling indifferent as to requring formal proofs, it induces the plaintiff to be negligent in presenting them, it cannot, on the trial, insist on this condition.

3. *Same. Proofs of death.*—Where the plaintiff, before his appointment as administrator, presented proofs of the death of the insured, and therein claimed, as husband, he may, after his appointment, adopt them.

4. *Trial. Motion to strike out.*—A motion to strike out parts of an answer which are not responsive to the question, though not made instantly, is substantially in the discretion of the trial court.

5. *Evidence. Lost letter.*—A letter, containing a statement that proofs of loss had been received, is material, and evidence that it could not be found is sufficient to warrant the admission of oral proof of its contents.

6. *Same.*—The exclusion of a card, offered in evidence without proving the handwriting of the person purporting to have signed it, is proper.

This action was brought in justice's court to recover the amount of an insurance policy, issued by the defendant on the life of plaintiff's intestate.

The defense was that the deceased committed suicide and that the plaintiff, as administrater, had not furnished the company with the required proofs of death.

Judgment was rendered in favor of plaintiff in the justice's court. From this judgment the defendant appealed to the county court for a new trial, and upon such trial a verdict

was rendered in favor of plaintiff, and judgment entered thereon, and the defendant appeals from this latter judgment.

*Fred. E. Ackerman*, for appellant.

*F. A. Westbrook*, for respondent.

LEARNED, P. J.—There is no doubt that the suicide of the deceased would be a defense. The difficulty is that it was a question for the jury whether or not she committed suicide. There is evidence which would support a verdict in defendant's favor, if the jury had so found. But they have found for the plaintiff and the evidence is not such that we can set aside their verdict as against the weight. The learned judge who heard the case, and could consider this point, with the advantage of having heard the witnesses, denied the motion.

It is true, also, as defendants claim, that the conditions of the policy require the presentation of proofs at the office of the company. But this is a condition for the benefit of the company, and they may waive it. Anything which reasonably can be understood by the claimant as a waiver of this condition, may excuse his non-compliance. When, as in this case, the defendants believe that they have a good defense, such as the suicide of the deceased, they may easily feel indifferent as to requiring formal proofs, and may thus induce the plaintiff to be negligent in presenting them. If they have thus misled him, they cannot, on the trial, insist on this condition.

In this case it appears that proofs were prepared in the office of the superintendent of the company at Rondout, and by the assistant superintendent, and were by him mailed to the company's principal office. These were produced. There is evidence, also, of a letter (now lost) received from the company's attorney, acknowledging the receipt and acceptance of proofs, and expressing their intention of con-

testing the claim; also, of an affidavit of the fact of death, sent them. But the defendants' objection appears to be that in these proofs the present plaintiff stated that he claimed as husband, while he now sues as administrator. Whether he had, at the time of making the proofs, been appointed administrator, does not clearly appear in the printed case.

Now, the object of proof is to give information of the facts of death, and the circumstances under which it occurred. This information is obtained, whoever gives it. We need not say that an utter stranger can make valid proofs. That case is not before us. Here, the present plaintiff made them. He may adopt those which he made, as husband. Wuesthoff *v.* Germania Life Insurance Co., 107 N. Y. 580; 12 N. N. State Rep. 825.

On the facts, the court could not properly have held, as matter of law, that the plaintiff had not complied with this condition. The charge of the court is not in the case, so that the question may have been submitted to the jury.

The defendant objects to the striking out of certain testimony of a physician, on the ground that the objection to it was not taken when the testimony was given. It is true, that when a question is asked which is improper, the opposite side should not wait until he finds out what the answer is before he objects. Here, however, the plaintiff moved to strike out parts of an answer which were not responsible to the question asked by the defendant. And, although the motion was not made instantly, still the objection which the defendant makes, as above stated, is not good. The matter was substantially in the discretion of the court.

The objection to the proof of the contents of the letter from Ward to Fiero is not well taken. The evidence that the letter could not be found was sufficient. The extent of that kind of evidence is largely in the discretion of the trial court. The letter was material, because it was a statement that proofs of loss had been received.

A certain card, purporting to be signed " Avery and Jennie," was offered in evidence, and excluded. To this exclusion defendant objects. The handwriting is not proved, and for that reason it could not be admitted. It is unnecessary to say whether, if the handwriting had been proved, the card would be admissible.

We have no occasion to say whether the evidence would have brought us to the same conclusion as that to which it brought the jury. But it is familiar law (although often unwelcome to defeated litigants) that the jury are the judges of the facts.

We have only to say that we find no legal errors in this trial.

Judgment and order affirmed, with costs.

LANDON and INGALLS, JJ., concur.