MARIE E. LINDBLOM, Respondent, *v.* METROPOLITAN LIFE INSUR-ANCE COMPANY, Appellant.

Fourth Department, July 1, 1924.

Insurance — life insurance — action on policy which provided that it would be void in case of suicide of insured caused by carbolic acid poisoning within one year from issuance of policy — verdict in favor of plaintiff on issue of suicide contrary to evidence — proof of death — proof as to another policy issued by defendant in which present policy was mentioned is sufficient — affidavit by beneficiary and statement by physician included in proof showed death through violent and accidental means.

In an action to recover on an insurance policy which contained a provision that the policy would be void in case of the death of the insured by suicide within one year from the issuance of the policy, in which it appeared that the insured came to his death through carbolic acid poisoning administered by himself, the verdict of the jury that the taking of the poison was accidental and not with suicidal intent is contrary to the weight of the evidence.

The proof of death was sufficient since it appears that the insured had another policy with the defendant and that the proof of death on that policy included a statement as to the existence of the present policy. Under such circumstances it was not necessary that a separate proof of death should be filed with special reference to the policy in suit.

The affidavit by the beneficiary and the physician's statement, both of which were included in the proof of death, in which it was stated that death was accidental and was caused by carbolic acid poisoning, sufficiently meet the requirement of the policy of due proof of death as the result of bodily injury effected solely through external, violent and accidental means.

APPEAL by the defendant, Metropolitan Life Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Herkimer on the 2d day of July, 1923, upon the verdict of a jury.

*Myron G. Bronner,* for the appellant.

*A. M. Van Denburg* [*L. N. Southworth* of counsel], for the respondent.

**12**

Sears, J.:

Gustav E. Lindblom, on whose life on August 17, 1922, defendant wrote a policy of insurance for $10,000, died November 14, 1922, from carbolic acid poisoning. He administered to himself the draught which caused his death. The policy contained a provision that the defendant would pay double the amount of the policy, namely, $20,000, in case death was accidental. Another clause in the policy is as follows, " If the Insured within one year from the issue hereof die by his own hand or act, whether sane or insane, this Policy shall become null and void and the Company will return only the premiums which have been received thereunder." The issue of suicide or accident was left to the jury which found in favor of the plaintiff who was the beneficiary named in the policy.

We deem this verdict which held that the taking of the poison was accidental and not with suicidal intent, contrary to the weight of evidence.

It is the plaintiff's claim that the acid was taken by mistake instead of plain water, a solution of carbolic acid having been given to the insured by a physician for external use about two weeks previously. It would serve no useful purpose to set out the evidence in detail here. Suffice it to note the following facts. Carbolic acid is a substance which carries with it in its odor a vivid warning of its danger. The solution taken was quite certainly not the doctor's prescribed ten per cent solution in glycerine, but derived from a bottle of almost pure acid which the insured had caused to be purchased for him at a drug store while he was still supplied with the milder ten per cent solution left by his physician. After taking the solution no attempt to get help or cry for help is recorded, but, on the other hand, the insured laid himself down upon his bed and covered himself with the bed clothes where he was found in an unconscious state when his wife, a short time afterwards, entered the room. Added to this is the insured's financial embarrassment, the near due day of the next quarterly premium, the taking out of this large policy of insurance while financially involved, and the strange episode about six weeks before his death of the insured driving his motor car twenty-five feet off the road into the Mohawk river and his conduct in apparently spurning help when held out to him by rescuers and his seemingly false statements as to the cause of his getting into the river. The evidence as a whole points to suicide with such certainty that in the interests of justice we feel that a new trial should be had.

We find no error in the rulings of the learned trial court in respect to the proof of death furnished the defendant. The receipt

of such proof at the defendant's home office was a condition precedent to the defendant's obligation to make payment but a liberal construction will be given to the terms of such requirement. (*Partridge* v. *Milwaukee M. Ins. Co.*, 13 App. Div. 519; *Paltrovitch* v. *P. Ins. Co.*, 143 N. Y. 73; 14 R. C. L. § 507.)

At the time of the death of the insured there was another policy outstanding on his life issued by the defendant. The proof of death submitted made special reference to such other policy but mentioned the policy which is the basis of this action in the answer to a question as to other insurance outstanding. Under such circumstances it was not necessary that a separate proof of death should be filed with special reference to the policy in suit. (*Girard Life Ins. Co.* v. *Mutual Life Ins. Co.*, 97 Penn. St. 15; *Dakin* v. *Liverpool & Lond. & Globe Ins. Co.*, 13 Hun, 122; affd., 77 N. Y. 600; Clement Fire Ins. as a Valid Contract, 213.)

The plaintiff's affidavit, included in the proof of death, stated that such death was accidental and the physician's statement, also included, set forth the cause of death as carbolic acid poisoning. We deem these statements sufficient to meet the requirement of the policy of " due proof of the death of the insured as the result of bodily injury effected solely * * * through external, violent and accidental means."

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur; HUBBS, P. J., not sitting.

Judgment reversed on the facts and new trial granted, with costs to appellant to abide event.