In the Matter of the Application of WILLIAM E. McCARTHY, Appellant, for a Peremptory Order of Mandamus against CHARLES W. BERRY, as Comptroller of The City of New York, Respondent.*— Order denying motion for peremptory mandamus order reversed upon the law, with ten dollars costs and disbursements, and application granted, with fifty dollars costs. We are of opinion that the Legislature, in amending section 285 of the Judiciary Law by chapter 783 of the Laws of 1928, by providing that the confidential clerks to the county judges of Kings and Queens counties shall receive for their services the same aggregate annual salary paid to the clerks to judges of the Court of General Sessions in New York, so as to maintain a continuing equalization of the gross salary and compensation paid to such clerks, and that such salary shall be paid by the comptroller of the city of New York, the amendment to take effect immediately (April 4, 1928), impliedly authorized the necessary appropriation. (*Stief* v. *Hart,* 1 N. Y. 20, 30; *Mayor, etc., of N. Y.* v. *Sands,* 105 id. 210.) *Matter of Flaherty* v. *Craig* (226 N. Y. 76) is not controlling for the reason that the Legislature cannot be classed as a part of the city government nor the head of a city department expending or incurring obligations as provided by the Greater New York Charter (§ 1542). In the *Flaherty* case the justices of the Supreme Court were held to be officers charged with the duty of incurring obligations payable out of the money raised by taxation in a county contained within the territorial limits of the city, and, therefore, had no power, by a resolution adopted after the appropriations were made, to increase the salary of a court attendant to take effect on the first day of the ensuing year. Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ., concur.

JULPAT CORPORATION, Appellant, v. WILLIAM E. McGINNIS and Others, Respondents.— Order reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. An inspection of the items in respect to which the examination before trial is sought discloses that they all relate to matter as to which plaintiff has the burden of proof as a part of his affirmative case, and the learned Special Term, under the circumstances, erred in denying the motion to vacate the notice of examination before trial. (*Oshinsky* v. *Gumberg,* 188 App. Div. 23.) Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ., concur.

HESTER LEMMER, as Administratrix, etc., of RUSSELL P. LEMMER, Deceased, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— Judgment of the City Court of Yonkers affirmed, with costs. (*Lindblom* v. *Metropolitan Life Insurance Co.,* 210 App. Div. 177, 179; *Kelly* v. *Metropolitan Life Ins. Co.,* 15 id. 220, 222.) Rich, Young, Carswell and Scudder, JJ., concur; Lazansky, P. J., dissents upon the ground that plaintiff did not perform the terms of the policy on her part to be performed. Proof of death filed under one policy is not a compliance with the terms of another policy upon the same life, at least where the beneficiary in each policy is a different person. There was no proof of waiver.