ERNEST HOWELL, as Administrator, etc., of ANNIE E. HOWELL, Deceased, Appellant, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY OF BOSTON, MASS., Respondent.— Action brought in the City Court of Yonkers upon two policies of industrial life insurance upon the life of plaintiff's intestate. Plaintiff recovered judgment for the aggregate amount of the policies, with interest. Defendant appealed to the County Court of Westchester County, which reversed the judgment and dismissed the complaint. Upon the order of the County Court, judgment was thereafter entered in the City Court of Yonkers dismissing the complaint. Order of the County Court of Westchester County reversed on the law, the judgment entered thereon in the City Court of Yonkers vacated, and original judgment of the City Court of Yonkers unanimously affirmed, with costs in this court and in the County Court. On this record the plaintiff was entitled as a matter of law to judgment for the aggregate amount of the policies and interest. Plaintiff-administrator was a proper party plaintiff in this action upon policies under which defendant had made no payment to any one. (*Castronuovo* v. *John Hancock Mutual Life Ins. Co.*, 235 App. Div. 633.) As to the proof of death of the insured furnished to the defendant, it appeared by the latter's admissions in its answer, and upon the trial, that such proof had been furnished to defendant by the plaintiff individually, named as beneficiary in each policy. It did not appear that the defendant had rejected such proof, or had objected to it. That the proof was thus furnished by the beneficiary, rather than by the administrator, is immaterial legally. (*Lemmer* v. *Metropolitan Life Ins. Co.*, 225 App. Div. 823, following *Kelly* v. *Metropolitan Life Ins. Co.*, 15 App. Div. 220.) The complaint may be properly viewed as one alleging performance by plaintiff of the condition of each policy requiring the furnishing of such proof as a prerequisite to payment of the insurance by the defendant. Such factual prerequisite was established by plaintiff. The complaint is sufficiently broad also to be construed as one alleging waiver by defendant of such proof of death. The proofs established such waiver as matter of law. Hagarty, Carswell, Taylor and Close, JJ., concur; Lazansky, P. J., concurs on the authority of *Castronuovo* v. *John Hancock Mutual Life Ins. Co.* (*supra*), without receding from his view, therein expressed, that the plaintiff had no cause of action against defendant.