ERNEST HOWELL, as Administrator of the Estate of ANNIE E. HOWELL, Deceased, Respondent, *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY OF BOSTON, MASSACHUSETTS, Appellant.

180

Argued June 9, 1941; decided July 29, 1941.

*William B. Moore* for appellant. The administrator of the insured's estate, not being the beneficiary designated in the policies, is not entitled to maintain the action. (*Ruoff* v. *John Hancock Mut. Life Ins. Co.*, 86 App. Div. 447; *Ferretti* v. *Prudential Ins. Co.*, 49 Misc. Rep. 489; *Matter of O'Neill*, 143 Misc. Rep. 69; *McCarthy* v. *Prudential Ins. Co.*, 224 App. Div. 350; *Tarasowski* v. *Prudential Ins. Co.*, 113 Misc. Rep. 248; *Cohen* v. *John Hancock Mut. Life Ins. Co.*, 135 App. Div. 776; *Strang* v. *Prudential Ins. Co.*, 263 N. Y. 71; *Cirrincioni* v. *Metropolitan Life Ins. Co.*, 223 App. Div. 461.) Plaintiff failed to prove compliance with the terms of the policies with respect to the furnishing of satisfactory proofs of death. (*Acee* v. *Metropolitan Life Ins. Co.*, 219 App. Div. 246; *Roscoe Lumber Co.* v. *Standard Silica Cement Co.*, 62 App. Div. 421; *Shumowat* v. *Metropolitan Life Ins. Co.*, 259 App. Div. 783; *Skripko* v. *John Hancock Mut. Life Ins. Co.*, 249 App. Div. 783; *Strang* v. *Prudential Ins. Co.*, 263 N. Y. 71.) Waiver by defendant

of the provisions of the policies with respect to the filing of satisfactory proof of death was neither properly pleaded nor sufficiently proved. (*Glazer* v. *Home Ins. Co.*, 190 N. Y. 6; *Wachtel* v. *Equitable Life Assur. Society*, 266 N. Y. 345.)

*Myron J. Shon* for respondent. Plaintiff, in his representative capacity as administrator, is the proper party plaintiff. (*Genet* v. *De Graaf*, 27 App. Div. 238; *Killian* v. *Met. Life Ins. Co.*, 251 N. Y. 44; *Schumacher* v. *Great Eastern C. & I. Co.*, 197 N. Y. 58; *Dilleber* v. *Home Life Ins. Co.*, 69 N. Y. 256; *Mansbacher* v. *Prudential Ins. Co.*, 273 N. Y. 140; *McCarthy* v. *Prudential Ins. Co.*, 252 N. Y. 459; *Nolan* v. *Prudential Ins. Co.*, 139 App. Div. 166; *Matter of Shanley*, 95 Misc. Rep. 427; *Thompson* v. *Prudential Ins. Co.*, 119 App. Div. 666; *Castronuovo* v. *John Hancock Mut. Life Ins. Co.*, 235 App. Div. 633; *People* v. *Commercial Alliance Life Ins. Co.*, 21 App. Div. 533.) Under the pleadings there was no issue as to the furnishing of proofs of death. (*Lemmer* v. *Metropolitan Life Ins. Co.*, 225 App. Div. 823; *Kelly* v. *Met. Life Ins. Co.*, 15 App. Div. 220; *Holmes* v. *Jones*, 121 N. Y. 461; *Roscoe Lumber Co.* v. *Standard Silicia Co.*, 62 App. Div. 421; *Continental Leather Co.* v. *Liverpool, B. & R. P. S. Nav. Co.*, 228 App. Div. 707; *Irving Trust Co.* v. *Eisenberg*, 238 App. Div. 149; *Friedman* v. *Blauner*, 219 App. Div. 326; *Paige* v. *Willet*, 38 N. Y. 28; *Levy* v. *D., L. & W. R. R. Co.*, 211 App. Div. 503; *Wuesthoff* v. *Germania Life Ins. Co.*, 107 N. Y. 580; *Smith* v. *Prudential Ins. Co.*, 147 App. Div. 580; *Chinnery* v. *U. S. Industrial Ins. Co.*, 15 App. Div. 515; *Hincken* v. *Mut. Ben. Life Ins. Co.*, 50 N. Y. 657.) The complaint alleged a waiver by an unconditional disclaimer of liability and the answer admitted the fact and alleged a rescission by the defendant. (*Glazer* v. *Home Ins. Co.*, 190 N. Y. 6; *McCarthy* v. *Prudential Ins. Co.*, 252 N. Y. 459; *Neal, Clark & Neal Co.* v. *L. & L. & G. Ins. Co.*, 178 App. Div. 730; *O'Neill* v. *Buffalo Fire Ins. Co.*, 3 N. Y. 124; *Lang* v. *Eagle Fire Co.*, 12 App. Div. 39; *Grattan* v. *Met. Life*

*Ins. Co.*, 80 N. Y. 281; *Sherri* v. *Nat. Surety Co.*, 124 Misc. Rep. 450; 215 App. Div. 808; 243 N. Y. 266; *Wachtel* v. *Equitable Life Assur. Soc.*, 251 App. Div. 172; *Darling* v. *Protective Assur. Soc.*, 71 Misc. Rep. 113; *Paige* v. *Willet*, 38 N. Y. 28; *Demuth Glass Mfg. Co.* v. *Early*, 131 App. Div. 203; *Levy* v. *D., L. & W. R. R. Co.*, 211 App. Div. 503.)

RIPPEY, J. Annie Howell died June 13, 1935, and her husband, Ernest Howell, was named administrator of her estate. As such administrator, he brought this action to recover from defendant the face value of two insurance policies on her life.

Upon the trial on September 22, 1937, the plaintiff introduced the two policies and the letters of administration in evidence and rested. Defendant then moved to dismiss the complaint upon the ground, specifically set up as an affirmative defense and also appearing, it was asserted, on the face of the policies, that plaintiff was not entitled to maintain the action in his representative capacity, it being urged that the insured had specifically designated the husband individually as beneficiary, and upon the further ground that, in any event, plaintiff had failed to prove compliance with the terms of the policies with respect to furnishing defendant with proofs of death of the insured. Decision on the motion was reserved, whereupon the defendant rested without offering any evidence and renewed its motion to dismiss. Decision was again reserved. On June 1, 1938, judgment was entered for the plaintiff for the full face value of the policies, with costs. By the pleadings and during the discussion that followed defendant's motion to dismiss the case after plaintiff rested, substantial admissions of receipt and retention of proofs of death by defendant were made. The issues were narrowed down to the two questions, (1) whether the action may be maintained by plaintiff in his representative capacity and (2) whether proofs of claim by Howell as the individual beneficiary meet the requirements of the policies when suit is brought by him

in his representative capacity as administrator. Those were the only questions thus presented to the trial court for decision and are the only questions open to review here.

The policies are commonly known as " industrial policies;" each was specified on its face by the company to be a " WHOLE LIFE POLICY:  PAYABLE AT DEATH." One policy was dated October 25, 1933, No. 24963332, for $200 with weekly premium of twenty-five cents and stated that the insured, Annie E. Howell, was forty-nine years of age at her next birthday. The other policy was numbered 25856575, dated July 4, 1934, fixed $114 as the full amount of the policy, called for a weekly premium of fifteen cents and stated that the age of the insured at her next birthday was fifty years. Otherwise all terms and provisions of the policies were identical.

Each contract of insurance, on the first page, provided that, in consideration of the payment of the premium stipulated, the defendant granted the insurance " with the privileges and benefits and subject to the conditions and provisions on this and the three following pages which are hereby made a part of this contract and constitute the entire contract between the parties hereto." Then follows the number, the date of the policy, the name of the insured, the full amount of the policy, age of insured at next birthday, weekly premium, and number of the soliciting agent as above stated in a box which also included the following items in this form:

| Name of Insured<br>ANNIE E. HOWELL | Name of Beneficiary<br>ERNEST HOWELL | Relationship to<br>Insured<br>HUSBAND |
|---|---|---|

Next appears the following specific clause: " On satisfactory proof of the death of the Insured made in the manner and to the extent required herein and upon surrender of the Policy and Premium Receipt Books, the Company will pay the amount due hereunder. The Company may make any payment or grant any non-forfeiture benefit provided herein either to the beneficiary above named, if living, or

to such other living beneficiary as may be duly and finally designated, and recognized by endorsement hereon, or to the Executor or Administrator of said Insured or to any relative by blood or connection by marriage, or to any person appearing to the Company to be equitably entitled thereto by reason of having incurred expense in any way on behalf of the Insured for burial or for any other purpose; and the receipt of any such payee shall be conclusive evidence that payment has been made to the person or persons entitled thereto and that all claims under this policy have been fully satisfied."

We need not refer in detail to numerous other provisions of the policies except to say that each provides for change of beneficiary, for automatic extended term insurance after three years, for alternative options of paid-up policy or cash surrender value after five years and for accidental and death benefits indicating some control over the policy and proceeds by the insured and the possibility of definite vested interest in its proceeds by the insured under certain conditions.

In accord with the wording of the policies, when proofs of the death of the insured were presented, the defendant might pay the insurance to someone who should, in its opinion, meet the description contained in the " facility of payment " clause whom, at its sole and exclusive option, it might select to receive the proceeds of the policies. The wording of the policies completely refutes any contention that the defendant expressly promised to make payment to any specific person or class of persons to the exclusion of others named under the " facility of payment " clause. It did not expressly promise to pay the face value of the policies to the named beneficiary or to the administrator of the insured. In this jurisdiction and by the weight of authority elsewhere, where a beneficiary is definitely named to whom an express promise is made to make the required payment, " the only effect of the clause is to provide the company with a defense, in case it has paid thereunder. It neither grants nor takes away a cause of action from any

person " (*Wokal* v. *Belsky*, 53 App. Div. 167, 171; *Golden* v. *Metropolitan L. Ins. Co.*, 35 App. Div. 569; and annotations in 28 A. L. R. 1350; 49 A. L. R. 939; 75 A. L. R. 1435). If the company fails to exercise its option under that clause, payment may be compelled by the named beneficiary (*McCarthy* v. *Prudential Ins. Co.*, 252 N. Y. 459). The effect of the clause cannot be different where no beneficiary is named to whom an express promise to pay is made. The insurance company will not be permitted to defeat the purpose of the insurance by failing to exercise its option under the " facility of payment " clause whether a beneficiary is named or not. Where no express promise is made to pay any designated person, the administrator is the party to sue and may compel payment (*Matter of Howley*, 133 Misc. Rep. 34; *Williams* v. *Metropolitan Ins. Co.*, [Mo. App.] 233 S. W. Rep. 248; *Heubner* v. *Metropolitan Ins. Co.*, 146 Ill. App. 282; *Lewis* v. *Metropolitan L. Ins. Co.*, 178 Mass. 52).

If ambiguity exists, the contracts must be construed in manner most favorable to the insured (*Killian* v. *Metropolitan L. Ins. Co.*, 251 N. Y. 44). It is the duty of the courts to ascertain the sense in which language is used in the policy; as an aid in making such a determination, consideration must be given to the subject-matter and surrounding circumstances (*Griswold* v. *Sawyer*, 125 N. Y. 411; *Bartlett* v. *Goodrich*, 153 N. Y. 421). There can be no doubt that the insured was actuated by the purpose and intended to make provision for her husband, if he survived her, to the exclusion of all others. The husband was named in the policies as beneficiary. Though defendant made no express promise to pay the insurance to him, such a promise will be implied and it is immaterial that he was also named as a party in the " facility of payment " clause to whom optional payment could be made. Such designation did not exclude him from claiming as sole beneficiary. Since the defendant failed to take advantage of its option under the " facility of payment " clause, the proceeds of the policies belonged to him alone as against the others named in the " facility of payment " clause (*Nolan* v. *Prudential Ins. Co.*, 139 App.

Div. 166; *McCarthy* v. *Prudential Ins. Co.*, 252 N. Y. 459; annotation in 75 A. L. R. 1435). The promise having been made to the deceased and the cause of action having accrued upon and not prior to the death of the insured, in the absence of any provision of the policies to the contrary, the plaintiff might declare either in his individual capacity as beneficiary or in his representative capacity (*Castronuovo* v. *John Hancock Mut. Life Ins. Co.*, 235 App. Div. 633; *Munroe* v. *Providence Permanent Firemens' Relief Assn.*, 19 R. I. 363; *McCarthy* v. *Metropolitan Life Ins. Co.*, 162 Mass. 254). If the claim was due to plaintiff as an individual, it was immaterial so far as defendant is concerned that he sued in his representative character (*Biddle* v. *Wilkins*, 1 Pet. [U. S.] 686; *Security First National Bank* v. *King*, 46 Wyo. 59; *McCarthy* v. *Metropolitan Life Ins. Co.*, *supra;* *Kane* v. *Paul*, 14 Pet. [U. S.] 33; 21 Am. Juris., Executors and Administrators, § 949).

By the terms of the contract as made, receipt by defendant of proof of death of the insured was a condition precedent to recovery (*Strang* v. *Prudential Ins. Co.*, 263 N. Y. 71, 74). In case of death, the policies required that " satisfactory proof of death " be furnished and proofs of claim be made on blanks to be provided by the company which should contain full answers of the claimant, physician and other persons to all the questions asked therein and conform to the requirements thereof. Mere notice of death was not enough. The " condition can only be performed by furnishing evidence in some form of the truth of the fact stated in the notice, and upon which the right of action depends " (*O'Reilly* v. *Guardian Mutual Life Ins. Co.*, 60 N. Y. 169, 173; *Belbas* v. *N. Y. Life Ins. Co.*, 300 Mass. 471). Upon the trial, plaintiff offered no evidence of death of the insured nor did he produce or offer in evidence proofs of claim. The deficiency in proof was supplied by the admissions of defendant in the pleadings and upon the trial. Defendant admits in its answer that the insured died on June 13, 1935, as alleged in the complaint. It is alleged in the complaint that subsequent to the death of the insured

and in the month of May, 1936, the plaintiff gave or caused to be given to the defendant notice of death of the insured and that all conditions of the policy required to be performed precedent to recovery were fully performed and complied with. Although the answer contains a general denial of those allegations, the defendant nevertheless alleged affirmatively in the answer that " Ernest Howell, the said beneficiary, has delivered certain papers to the defendant as proofs of death of the insured and has made claim for the payment of the proceeds of the said policies." Those papers were accepted and retained by defendant without objection and were not produced or offered by it in evidence on the trial.

Defendant did not claim that the proofs of claim were insufficient in substance to comply with all terms of the policies. It was asserted only that the proofs were furnished by Howell as an individual beneficiary and not in his capacity as administrator of the estate of the insured and consequently they could not be relied on as sufficient under the terms of the policies. When the company received, accepted and retained the proofs of claim, it admitted that they were in form sufficient (*Crotty* v. *Union Mutual Life Ins. Co.*, 144 U. S. 621, 626; *Timayenis* v. *Union Mutual Life Ins. Co.*, 21 Fed. Rep. 223; *Jennings* v. *Mutual Life Ins. Co.*, 148 Mass. 61; *Weed* v. *Hamburg-Bremen F. Ins. Co.*, 133 N. Y. 394, 408). The policies did not require that proofs of claim should be presented by any specific person or while acting in any specific capacity. When presented by a party in interest, they were available for what they were worth to any one who had a right to sue (*Kelly* v. *Metropolitan Life Ins. Co.*, 15 App. Div. 220, 222; *Lindblom* v. *Metropolitan Life Ins. Co.*, 210 App. Div. 177; *Lemmer* v. *Metropolitan Life Ins. Co.*, 225 App. Div. 823; *Wuesthoff* v. *Germania Life Ins. Co.*, 107 N. Y. 580, 592), particularly where, as in this case, the same person was the individual beneficiary and the administrator (*Delamater* v. *Prudential Ins. Co.*, 52 Hun, 615; 24 N. Y. St. Repr. 98). Admissions in proofs of claim to insurance companies are not necessarily binding on those

presenting the proofs (*Wachtel* v. *Equitable Life Assur. Soc.*, 266 N. Y. 345, 351). By retention of the proofs, defendant did not admit the truth of the facts therein stated (*Crotty* v. *Union Mut. Life Ins. Co., supra*). As a condition precedent to payment the contracts provided only that satisfactory proofs of death of the insured be furnished. Defendant admitted in its answer that the insured died on June 13, 1935, as alleged in the complaint, and on the trial that the proofs of claim established that fact.

The judgment should be affirmed, with costs. (See 286 N. Y. 700.)

LEHMAN, Ch. J., LOUGHRAN, FINCH, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment affirmed.