ELSIE MANOLOPOULOS, Respondent, v. AMERICAN PROGRESSIVE HEALTH INSURANCE COMPANY OF NEW YORK, Appellant.— In an action to recover under an insurance policy, the appeal, by permission of this court, is from an order of the Appellate Term, which affirmed a judgment of the Municipal Court of the City of New York, Borough of Brooklyn, Second District, entered after trial by the court without a jury in favor of respondent. The notice of appeal states that an appeal is taken also from the judgment of the Municipal Court. The policy provides indemnity to the named assured and to members of her family for loss due to expense resulting from specified sicknesses, including "definitely diagnosed cancer, as defined and recognized by the American Medical Association, which shall originate and first manifest itself during the effective term of this policy and after it has been maintained in force for at least ninety consecutive days." The evidence establishes without dispute that (1) respondent's husband suffered illness and manifested symptoms prior to the expiration of the 90-day period, (2) it was not until shortly after the expiration of that period that the illness was definitely diagnosed as cancer, and (3) the patient was suffering from that illness prior to the expiration of the period. Order of the Appellate Term and judgment of the Municipal Court reversed on the law and the facts, and the second amended complaint dismissed, with costs in all courts. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. The loss was covered by the policy if the illness originated and first manifested itself after the expiration of the 90-day period. If the evidence could be interpreted so that the first definite diagnosis of the illness was after the expiration of the 90-day period, it shows nevertheless that the illness originated prior to the expiration of this period. Nolan, P. J., Murphy and Ughetta, JJ., concur; Hallinan, J., dissents and votes to affirm, with the following memorandum: The sole medical proof in this case came from an eminently qualified physician and surgeon, who had examined and operated upon respondent's husband. On October 16, 1953 the examination by this physician indicated that a tumor of the liver was present, "tumor" being used in the sense of "swelling". The physician testified that such condition suggested at least four medical possibilities, apart from cancer. On October 23, 1953, the same physician operated upon the husband and tentatively found that a cancerous condition of the liver existed. The physician testified, that in pursuance of established medical practice, a definite diagnosis of cancer was then precluded until a specimen of his patient's liver, removed at the time of the operation, was examined and classified by the hospital pathologist. On October 29, 1953, a biopsy report with positive finding was received by the physician, who further testified that upon such date for the first time the

definite diagnosis of cancer was proper. The physician also testified that he could not state that his patient definitely had cancer on July 20, 1953, the date of the issuance of the policy in suit, or on any other date prior to October 29, 1953, at which time the 90-day period from date of issuance had already expired. It may be noted that all of this medical proof was not contradicted by the appellant. Under the circumstances there was no "definitely diagnosed cancer" established within the 90-day exclusionary period of the policy in accordance with accepted medical practice which requires the confirmation of a biopsy report for a diagnosis of such malignancy. The details of the nature and progress of cancer "are not subjects of either common or judicial knowledge" (*American Cas. & Life Co.* v. *Gueringer*, 205 S. W. 2d 423, 424–426 [Tex.]). In the case cited, it was stated that all humans have cancer "seeds" or "cell rests" within the body but that the medical profession does not regard the disease as being present because of their existence in inchoate form which might "at some later date develop into a lethal force and cause serious illness and death". It was accordingly held that cancer had no "beginning" until it became "medically recognized". The disease, it has been further held, "originates" when "one learned in medicine can with reasonable accuracy diagnose the disease" (*American Ins. Co. of Texas* v. *Brown*, 203 Okla. 407, 409). By this standard, it was impossible in the case at bar, to find, under the proof mentioned, that the husband's illness originated prior to the expiration of the 90-day period. In any event, if there is ambiguity in the policy, that ambiguity upon familiar principles must be resolved against the issuing company and in favor of the policy holder (*Gillet* v. *Bank of America*, 160 N. Y. 549, 554–555; *Tonkin* v. *California Ins. Co.*, 294 N. Y. 326, 328–329; *Howell* v. *John Hancock Mut. Life Ins. Co.*, 286 N. Y. 179, 185; *Lachs* v. *Fidelity & Cas. Co. of N. Y.*, 306 N. Y. 357, 364). Wenzel, J., concurs with Hallinan, J.