PER CURIAM.
We reverse the summary judgment in favor of the insured, Frank Medina Trading Company. The basis for the judgment was the trial court’s conclusion that the insurer became liable to pay the insured sixty days after proof of loss was received by the insurer. This conclusion was in error, however, since the policy itself provided that
*731 “[t]he amount of loss for which this Company may be liable shall be payable sixty days after proof of loss ... is received by this Company and ascertainment of the loss is made either by agreement between the insured and this Company expressed in writing or by the filing with this Company of an award as herein provided.” (emphasis supplied).
As the policy plainly states, the insurer’s obligation to pay arises only upon an ascertainment of the loss, in addition to the receipt of a proof of loss. It being undisputed that no ascertainment of the loss was ever made, the company’s obligation to pay was never triggered. We reject the insured’s contention that the company’s failure to object to the proof of loss constitutes an admission of liability obviating the need to ascertain the loss. Crotty v. Union Mutual Life Insurance Co., 144 U.S. 621, 12 S.Ct. 749, 36 L.Ed. 566 (1892); Howell v. John Hancock Mutual Life Insurance Co., 286 N.Y. 179, 36 N.E.2d 102 (1941). See generally Annot. 49 A.L.R.2d 87, 106 (1956); 17A J. Appleman, Insurance Law and Practice § 9816 (1981); 14 G. Couch, Couch on Insurance 2d § 49B:20 (1982).
Reversed and remanded for further proceedings.